Ruker *vs.* Womack.

HENRY F. RUKER, plaintiff in error, *vs.* A. J. WOMACK, defendant in error.

1. The withdrawal of a first claim terminates that suit.

2. If the same claimant, in resistance to the same levy, interpose a second claim, after he has parted with title to a purchaser, such purchaser will not be bound by a judgment rendered on the second claim, subjecting the property, even though he purchased pending the former claim. A privy in estate is unaffected by a judgment adverse to his predecessor's title, if the suit in which the judgment was rendered was commenced after the predecessor had transmitted all his title.

3. The commencement of a claim case is not the levy, but the interposition of the claim.

4. Although land sold by the defendant in *fi. fa.* to a *bona fide* purchaser for value, be levied upon before the purchaser has held it for four years, and while it is subject to the judgment lien, yet, if the plaintiff neglect for the further term of four years to enforce the levy, when no obstruction is in the way of its enforcement, and during such four years the land be in possession of another *bona fide* purchaser for value, who holds under the first, it will be discharged from the lien. This case is within the letter of the Code, and is also within the equity and spirit of the statute as it stood prior to the adoption of the Code.

Claim. Judgments. Privies in estate. Lien. Vendor and purchaser. Before Judge KIDDOO. Clay Superior Court. March Term, 1875.

Reported in the opinion.

JOHN T. CLARKE; JOHN C. WELLS, for plaintiff in error.

H. & I. L. FIELDER; R. E. KENNON; S. A. MCLENDON, for defendant.

BLECKLEY, Judge.

The material facts may be understood from a kind of skeleton of dates and events. September, 1856, judgment in favor of creditor against his debtor; November, 1856, conveyance of land by the debtor to first claimant; January, 1859, levy on the land; March 1st, 1859, first claim; March 17th, conveyance of the land by claimant to his surety on the

claim bond; September, 1859, claim withdrawn, and *fi. fa.* ordered to proceed; December, 1859, second claim interposed by the same claimant; November, 1863, conveyance of the land to second claimant from first claimant's vendee; March, 1869, final verdict against first claimant on his second claim, and order that the *fi. fa.* proceed; June, 1873, claim interposed by second claimant, who had been in possession of the premises ever since the date of the conveyance to him from the first claimant's vendee. The first claimant, his vendee, and the second claimant, all three, seem to have been purchasers for value; and there is no evidence in the record that either the first or the second claimant had any notice of the judgment at the time they respectively purchased. On the contrary, the record states expressly that the second claimant was an actual purchaser for value; and there is no hint that he knew anything of the judgment or the levy until the final trial of the first claimant's second claim, in 1869; at which trial he appeared as a witness in behalf of the first claimant, whether voluntarily or under the compulsion of a subpœna is not stated.

1. The first claimant's vendee bought pending the first claim, and was surety on the bond. He was, therefore, affected with notice of the judgment and the levy. It will be remembered, however, that this first claim was withdrawn; and, consequently, that no conclusive judgment was or could be rendered in that case. The statute (Code, section 3740) recognizes the right of a party to withdraw his claim if he has not exercised the right once already; and we hold that such withdrawal terminates that suit, and the order directing the *fi. fa.* to proceed is not a bar. The same claimant, if he retains the title, may claim again; or if he conveys the title, his vendee, or those holding under him, may interpose the second claim.

2. Here a second claim was interposed by the same claimant, but it was after he had parted with title. He conveyed the title to a purchaser in March, and in the following December, when he had no vestige of title, made the claim on

Ruker *vs.* Womack.

which judgment was rendered against him nine or ten years afterwards. The state of the title at the time of levy (at all events, if the levy be upon land,) does not determine who ought to be claimant. What title the claimant himself may have had at the time of the levy, or at any other time prior to his assertion of title by interposing the claim, is not always important. He swears that the land *is* his, not that it *was* his. Whenever he ceases to be owner he ceases to be in a situation to institute his suit as claimant. Claim is not a remedy to prevent levy but to prevent sale. The levy is already made, and the claim is interposed to stop it from proceeding and to prevent its consummation by sale, delivery of possession, etc. There may be other actions, such as trespass, which can be commenced to redress an illegal levy when title has been parted with after the levy and before action brought, but claim is not an appropriate remedy if the claimant has no title when he comes forward to inaugurate litigation. If, as in this case, he does interpose a claim after his title is gone, of what effect can the judgment be in barring his privies who derived their title from or through him by prior conveyance? Where the doctrine of *lis pendens* applies, privies are concluded by a final judgment on the merits in a case pending when they purchased; but there is, perhaps, no instance in the whole law where privies in estate are held affected by the result of litigation in a suit commenced by or against a predecessor in the title after he has transmitted all the title he ever had: 1 Greenleaf's Ev., section 536.

3. We hold that the commencement of a claim case is not the levy, but the interposition of the claim. Until then, the proceeding is wholly between the plaintiff and the defendant in *fi. fa.* The question of title in the claimant is made, not by the levy, but by the claim, and that is the *lis* to which the claimant is a party.

4. When the first claimant interposed his second claim, the title, so far as it had ever been in him, was in his vendee. That vendee had purchased pending the first claim, but was not barred from interposing a claim for himself, because the

first claim, having been withdrawn, resulted in no final judgment on the merits. His right to claim passed, in 1863, to his vendee, and that right was exercised in 1873 under these circumstances: By the judgment, in 1869, against the first claimant on his second claim, all obstacles which had been presented to the enforcement of the levy were removed. The plaintiff in *fi. fa.* had an open path, and might have proceeded with his levy; but he paused, voluntarily, for more than four years. After this period of unexplained repose he attempted to bring the land to sale, and the second claimant, who had been in possession throughout these four years of inaction, as well as for many years previously, filed his claim. This was the third claim in order, but was really only the second one resting on the chain of title which had come down to this claimant from the defendant in *fi. fa.* The second claim in order was, as already shown, commenced too late to bear on that title, as the party who interposed that claim had severed himself from it. There was, previous to the trial of the last claim, no judgment which estopped the second claimant; and the only remaining question is, whether he was protected by his possession as a *bona fide* purchaser for value. We hold that he was. His case falls within the words of the Code, section 3583, and is within the clear equity and spirit of the prior statute on the same subject. The principle of equitable construction of such statutes is recognized in many decisions, and is stated with great perspicuity in *Strawbridge vs. Mann,* 17 *Georgia Reports,* 456. Undoubtedly, as a general rule, the four years must run prior to the levy; but where a levy has been made, and the plaintiff lies by for more than four years afterwards, without attempting to enforce it, (in the meantime all obstructions being out of the way,) the reason for giving full effect to the claimant's possession during such an interval as that, is the same; and, for the purposes of protection to him, the case should be treated as if there had been no levy at all. In abstract justice between party and party, and in considerations of public policy, a possession for the statutory period pending an inactive levy, is equivalent to the

same length of possession before a levy has been made. The plaintiff might as well fall asleep without a levy as with it. If he means action he ought to act within four years. That is long enough for the claimant to watch him in his slumbers.

We have, throughout this opinion, made every assumption in favor of all the elements of a *bona fide* purchase for value, including want of notice, as to both claimants. The judge's certificate to the bill of exceptions states that all the evidence adduced on the trial is not set out; and whatever may be the deficiences of the evidence as it comes to us, we ought to suppose that the missing evidence to which the judge refers would make it complete.

Judgment affirmed.