### WILLIAMS *v.* HARRIS *et al.*

It appearing that no injunction was necessary to the preservation of any alleged right of the plaintiff, there was no error in refusing to grant the injunction prayed for in his petition; nor was there any abuse of discretion in granting the injunction against the plaintiff prayed for in the defendants' answer. As the pending litigation is notice to all the world, the effect of the action taken by the trial judge will simply be to preserve the existing status until the rights of the parties, whatever they may be, can be determined at the final hearing.

March 2, 1895.

Petition for injunction. Before Judge HARDEMAN. Bibb county. December 15, 1894.

S. A. REID and J. R. L. SMITH, for plaintiff.

BACON & MILLER and A. PROUDFIT, for defendants.

LUMPKIN, Justice.

The following is a condensed statement of the facts material to an understanding of the adjudication made in this case: Williams was a creditor of M. Nussbaum, who did business under the name of M. Nussbaum & Co. Under an equitable petition filed by other creditors of Nussbaum, all his assets were placed in the hands of a receiver. In the decree rendered in that proceeding,

it was, among other things, provided that a certain storehouse and lot in the city of Macon, the property of Nussbaum, should be redelivered to him as trustee for certain preferred creditors, and that he have authority to dispose of the same either at public or private sale, and . when sold, to apply the proceeds to the payment of the debts of these preferred creditors. Acting under the decree, Nussbaum sold and conveyed the storehouse and lot to one Harris by a deed which was filed for record January 5th, 1894. On that day, Williams (who had never been a party to the proceeding resulting in the above mentioned decree) obtained a judgment at law upon his claim against Nussbaum, and caused an execution issuing therefrom to be levied upon the property which had been conveyed to Harris. The latter filed a claim, upon the trial of which Williams dismissed his levy because, in the opinion of the court, he could not collaterally attack the deed to Harris in a claim case at common law. Afterwards, the execution was again levied upon the same property, and Harris interposed another claim. While this second claim case was pending, Williams filed an equitable petition against Harris and the administratrix of Nussbaum, who had in the meantime died, attacking the above mentioned decree, as well as the deed from Nussbaum to Harris made in pursuance thereof; and praying that both be set aside, and further, that Harris be enjoined from conveying the storehouse and lot to any other person. It is unnecessary to set forth more in detail the various facts upon which Williams claimed to be entitled to the equitable relief sought by this petition. An answer in the nature of a cross-bill was filed by Harris, and adopted by the other defendant, in which there was a prayer that Williams be enjoined from further proceeding with his execution against the property in question. The judge denied the injunction prayed for in the plaintiff's petition, and granted the injunction prayed for in the answer.

We see no cause for reversing the judgment rendered. If the decree under which Nussbaum sold and conveyed the property to Harris was not binding upon Williams, and if for this or any other sufficient reason the deed from Nussbaum to Harris is void, the pending litigation will affect with notice any person who may hereafter buy the storehouse and lot from Harris, and therefore such a person could not claim to be protected as a *bona fide* purchaser without notice of any invalidity which may exist in Harris's title. Consequently, there is no need for an injunction restraining Harris from selling the property.

The injunction restraining Williams from further proceeding with his execution can do him no possible injury. Indeed, he concedes in his petition that he could not, in the pending claim case, obtain a judgment subjecting the property to his execution, without first setting aside the deed from Nussbaum to Harris and the decree under which it was made, and that to do this, the filing of his present petition was necessary. So he can make no progress in enforcing his execution until it has been decreed upon his petition that the Nussbaum deed is not good as to him. He must, therefore, inevitably be delayed until there can be a final hearing of his equitable petition. The effect of the injunction against him is simply to preserve the existing status until such hearing can be had. The injunction, therefore, was harmless to him, and there was no abuse of discretion in granting it. All the rights of Williams are preserved; and if he obtains against Harris and the administratrix of Nussbaum a favorable decree on the merits of the case, he can then proceed with the collection of his execution. Otherwise, he of course cannot.

It would be improper, in advance of the final hearing of this case, for this court to intimate any opinion as to what decree should then be rendered; and accord-

ingly, we leave the main issues involved in the case to be passed upon and determined when that hearing takes place.           *Judgment affirmed.*