## MOODY v. MILLEN.

1. Inasmuch as the registry act of 1889 appointed a place, to wit a general execution-docket, whereon executions issued upon judgments must be entered in order to affect purchasers from defendants therein with notice of such judgments, the levy of an execution not duly entered on such docket, though followed by a claim and thus giving rise to a pending case, did not charge with constructive notice of the judgment one who, before the registration of the execution upon the execution-docket and without actual notice of the judgment, bought in good faith from a previous vendee of the defendant in execution.

2. There was no error, upon the facts disclosed by the record, in adjudicating that the property in dispute was not subject to the execution levied; and consequently the verdict in the claimant's favor was right.

Submitted January 18, — Decided March 1, 1898.

Levy and claim. Before Judge Gamble. Tattnall superior court. April term, 1897.

*P. W. Williams*, for plaintiff.

Little, J. It appears that on May 20, 1892, a judgment was rendered in a justice's court in favor of Moody against E. T. Davis as principal, and W. C. Davis as security. On this judgment execution issued May 26, 1892, and on May 12, 1893, was levied on a half-interest in 800 acres of land as the property of E. T. Davis. To this levy C. P. Davis, on July 31, 1893, interposed a claim to said land, which claim was duly returned by the sheriff and filed in the office of the clerk of the superior court of Tattnall county, on the 2d day of August, 1893. On April 17, 1894, E. T. Davis, defendant in execution, sold and conveyed to C. P. Davis, the claimant, the half-interest in the 800 acres of land levied on, at which time the claim so interposed was pending; and on the 7th day of August, 1894, C. P. Davis, the claimant, executed to J. T. Millen a deed of conveyance to the 800 acres of land in controversy, the claim interposed by C. P. Davis pending also at the time of his conveyance to Millen. On the 7th day of October, 1895, the levy thus made, and to which the claim had been interposed, was dismissed, on motion of claimant's counsel, "because said levy was made by a lawful constable, and his failing to make his return, 'due search made and no personal property found sufficient to

satisfy this fi. fa.'" On February 4, 1896, the sheriff, after making his return of nulla bona on the execution, relevied the same on said half-interest in the 800 acres of land, to which levy Millen interposed a claim; and the claim case thus made was, by agreement of counsel, submitted to the judge without a jury, upon an agreed statement of facts, from which the facts above outlined appeared, and in addition the following: On the day on which Millen purchased from C. P. Davis, he inquired of certain attorneys to ascertain if they had or held any executions or other liens against E. T. Davis or C. P. Davis, and also inquired of the sheriff if there were any other executions or liens against either of these parties, besides those he had agreed to take up; and was informed by the attorneys and the sheriff that there were not. He then went to the clerk and, with his attorney, they searched the execution-docket, and failed to find any other lien or execution recorded on the general execution-docket or books of record for mortgages against either Davis; and having no knowledge of the existence of the execution of Moody against Davis, which was not recorded on the general execution-docket until November 21, 1895, he bought from C. P. Davis the land levied on, in good faith and for value. The court under this state of facts having found in favor of the claimant, Moody assigns such finding as error, and his counsel here insist, that Millen having purchased from C. P. Davis while the claim of the latter was pending, the doctrine of lis pendens was applicable to him, and for that reason his purchase could avail him nothing as against Moody's right to subject the land to the lien of his execution.

The principle of law for which the plaintiff in error contends is firmly established in this State, and must be applied to all cases which fall within the purview of the doctrine. By section 3936 of the Civil Code, it is declared that "Decrees ordinarily bind only parties and their privies; but a pending suit is a general notice of an equity or claim to all the world from the time the petition is filed and docketed; and if the same is duly prosecuted, and is not collusive, one who purchases pending the suit is affected by the decree rendered therein." To the existence of a valid and effective lis pendens, it is essential that

three elements be present; that is, three material facts must concur: the property must be of a character to be subject to the rule; the court must have jurisdiction both of the person and the subject-matter; and the property involved must be sufficiently described in the pleadings.    Where any one of these essentials is wanting, there is no valid lis pendens, no res litigiosa.    13 Am. & Eng. Enc. L. 877, and authorities cited. The litigation must be about some specific thing which must necessarily be affected by the termination of the suit, and the description of the particular property involved in the suit must be so definite that any one reading it can learn thereby what property is intended to be made the subject of litigation.    Houston *v.* Timmerman, 4 L. R. A. 716.    The underlying, if not the sole object of the maxim, pendente lite nihil innovetur, is to keep the subject of the suit or res within the power of the court until the judgment or decree shall be entered, and thus to make it possible for courts of justice to give effect to their judgments and decrees.    13 Am. & Eng. Enc. L. 870, and authorities cited in support of the text.    If the rule were otherwise, by successive alienations pending the litigation, the judgment or decree of the court could be rendered abortive, and thus make it impossible for the court to execute its judgment or decree.    Houston *v.* Timmerman, supra.    The principle has frequently been applied by this court in cases involving the right or title to specific property.    *Edwards* v. *Banksmith*, 35 *Ga.* 213; *Stokes* v. *Maxwell*, 59 *Ga.* 78; *Smith* v. *Coker*, 65 *Ga.* 461; *Carmichael* v. *Foster*, 69 *Ga.* 372; *Wilson* v. *Wright*, 72 *Ga.* 848; *Weems* v. *Harrold, Johnson & Co.*, 75 *Ga.* 866; *Empire Loan Association* v. *City of Atlanta*, 77 *Ga.* 496; *Clark* v. *Empire Lumber Co.*, 87 *Ga.* 742; *Etheredge* v. *Slayton*, 94 *Ga.* 496; *Williams* v. *Harris*, 95 *Ga.* 453.

Assuming therefore, without deciding, that the levy and claim interposed thereto in this case and returned into the court constituted an action upon which a valid lis pendens might arise as against a purchaser of the property from the claimant, it remains to inquire whether, under the facts of the present case, the title acquired by Millen, the purchaser from the original claimant, is affected by an application of this princi-

ple of law.　While it appears that Millen purchased from C. P. Davis, the claimant, while the claim of the latter was pending, it also appears that, subsequently to the purchase by Millen, the levy to which Davis's claim was interposed was dismissed on claimant's motion.　This claim case, therefore, was not tried upon its merits, but it nevertheless came to an end upon the dismissal of the levy.　*Collins* v. *Hudson*, 69 *Ga.* 685. In 1 Freeman on Judgments (4th ed.), § 203, it is declared, that if a suit were not prosecuted with effect, or, as if at law, it were discontinued, or the plaintiff suffered nonsuit; or if in chancery the suit were dismissed for want of prosecution, or for any other cause not on the merits; or if at law or in chancery any suit abated, although in all such cases a new action could be brought, it could not affect a purchaser during the pendency of the first suit.　This is sustained by Newman v. Chapman, 2 Rand. 93; Watson v. Wilson, 2 Dana, 408; Herrington v. Herrington, 27 Mo. 560.　And the principle seems to be recognized in the case of *Ruker* v. *Womack*, 55 *Ga.* 399, where it was ruled that the withdrawal of a first claim terminates that suit, and that if the same claimant, in resistance to the same levy, interpose a second claim after he has parted with title to a purchaser, such purchaser will not be bound by a judgment rendered on the second claim subjecting the property, even though he purchased pending the former claim.　Of course, with respect to cases dismissed "without prejudice" or with leave to reinstate, or where the right to revive the suit existed, a different rule might apply. 1 Freeman on Judgments (4th ed.), § 203; Bennett on Lis Pendens, § 157; Herrington v. McCollum, 73 Ill. 483.

　　Again, it is important to inquire to what extent the doctrine of lis pendens is affected by the registry laws of this State.　By section 2779 of the Civil Code, which is a codification in part of the registry act of 1889 (Acts 1889, p. 106), it is provided: "The clerk of the superior court of each county shall be required to keep a general execution-docket, and as against the interests of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the defendant's property, no money judgment obtained within the county of the defendant's residence, in any court of this State, whether

superior court, ordinary's court, county court, city court, or justice court, or United States court in this State, shall have a lien upon the property of the defendant from the rendition thereof, unless the execution issuing thereon shall be entered upon said docket within ten days from the time the judgment is rendered. When the execution shall be entered upon the docket after the ten days, the lien shall date from such entry." In adjudications involving the application of the doctrine of lis pendens with respect to actions upon instruments required by law to be registered, it has been ruled that while a registered deed would be postponed to a prior unregistered deed, where the second purchaser had actual notice of the first purchase, yet the doctrine has never been carried to the extent of making a lis pendens constructive notice of the prior unregistered deed; but actual notice is required. 1 Story's Eq. Jur. § 406; Murray *v.* Finster, 2 Johns. Ch. 155; Wyatt *v.* Barwell, 19 Vesey Jr. 435. It has also been ruled that where a bill is filed to foreclose an unregistered mortgage, and pending the suit the mortgagor sells to an innocent purchaser, without notice, for a valuable consideration, the doctrine of lis pendens does not apply in such a case, for the plain reason that the law only required the purchaser to examine the register's office to ascertain whether there were encumbrances on the estate, or conveyances to other persons recorded; and finding none there, he had a right to presume that none in fact existed. Newman *v.* Chapman, 2 Raw. 93. This proposition is fully sustained by the case of McCutchen *v.* Miller, 31 Miss. 85. Indeed it was directly ruled by this court in the case of *Douglass* v. *McCrackin,* 52 *Ga.* 596, that "Proceedings to foreclose an unrecorded mortgage do not constitute such a lis pendens as would be notice to the purchaser of the mortgaged property. The notice must be actual, such as would affect the conscience of the purchaser and charge him with fraud.

With respect to executions of the character involved in the present case, the registry act requires that, in order to become liens as against third persons acquiring a transfer etc. of the property, they must be recorded on an execution-docket appointed and kept for that purpose, within ten days after the

rendition of the judgment. It is provided that unless so recorded, a purchaser without notice and for value will not be affected thereby. While we recognize the wisdom of the doctrine of lis pendens, and must not hesitate to apply it wherever the reasons which call forth its application exist, it is believed that the statute for the registration of such executions modifies this principle of law and renders it inapplicable in cases of this character. The law having appointed a place where executions must be registered in order to be notice to purchasers, it would seem subversive of the spirit of the registry law to hold the purchaser to constructive notice by reason of the pending action. If the purchaser has actual notice of the execution, he has the very benefit which the registry law intended to provide for him, and would be chargeable with mala fides in attempting to acquire that to which he knows another has a just right. He could not complain that the plaintiff in execution had done him an injury by his default in failing to register the execution as the law required. But if the purchaser were held to be affected by the pendency of the suit, if he had not actual notice, he would suffer an injury by the default of the plaintiff in execution, unless it should be held to be his duty to inquire if any suit were pending, when he had no reason to suspect that there was any lien or encumbrance on the property. It seems unquestionable that to require the purchaser to look to any other source of information than that which the statute has provided for him, would be contrary to the spirit and policy and letter of the statute. See Bennett on Lis Pendens, § 297; Newman v. Chapman, 14 Am. Dec. 771. It follows, that the defendant in error was not chargeable with constructive notice of the pending claim interposed on the part of his grantor; and the execution not having been recorded in the time prescribed by law, nor prior to his purchase, and he having purchased for value and without actual notice of the execution, he is protected as against the enforcement of the execution; and accordingly, the adjudication that the property in dispute was not subject to the execution levied was not erroneous. *Judgment affirmed.* *All the Justices concurring.*