HARVEY & BROWN, for use, etc., *v.* SANDERS.

1. The registry act of 1889 was intended not only for the protection of innocent creditors who might acquire liens or transfers of property of a defendant in fi. fa. to secure their debts, but also for the protection of bona fide purchasers for value who obtain title to such property by absolute deed. When, therefore, there has been a failure to record a fi. fa. within ten days from the rendition of the judgment upon which it issued, as prescribed in section 2779 of the Civil Code, and thereafter the defendant in fi. fa , before the registry of the execution, sells land to an innocent purchaser for value who has no knowledge or notice of the existence of the judgment, the title to the land passes to such purchaser free from the lien of the judgment. This is true notwithstanding the purchaser made no investigation or inquiry as to the existence of such a lien before paying for and receiving his deed to the property.

2. The fact that the defendant in fi. fa. in such a case remained in possession of the land the balance of the year after such a sale, for the purpose of gathering his crop grown on the premises, and the further fact that the purchaser did not record his deed until after the record of the fi. fa. on the general execution docket of the superior court, can not operate to render the property so purchased subject to the lien of the judgment.

3. The facts upon which this case was submitted to the judge below, without the intervention of a jury, demanded the judgment finding the property not subject.

Argued May 4, — Decided May 31, 1899.

Levy and claim.   Before Judge Reagan.   Upson superior court.   November term, 1898.

*Lester & Lester* and *J. A. Cotten*, for plaintiffs.
*M. H. Sandwich*, for defendant.

Lewis, J.   A fi. fa. issued from a justice's court of Upson county, in favor of Harvey & Brown, for the use of Bates, Kingsbery & Co., against John M. W. Lyon, was levied upon a certain tract of land as the property of the defendant, which was claimed by Candy Sanders.   When the claim case came on for trial in Upson superior court, the issues of law and fact therein involved were submitted by the counsel for determination by the judge of that court without the intervention of a jury, upon substantially the following agreed statement of facts: Plaintiffs' judgment was obtained in the justice's court on January 6, 1894, and execution issued thereon January 18, 1894. This execution was not entered on the general execution docket until November 2, 1894, and was levied upon the land in dispute March 31, 1897.   The claimant, Sanders, purchased this land from the defendant, Lyon, on August 8, 1894, paying full value for the land and taking an absolute deed thereto from the defendant.   At the time of the purchase the defendant was in possession of the land and had a growing crop on the same, and it was agreed between him and the claimant that defendant should continue in possession of the land until he could gather his crops.   Accordingly, defendant remained in possession until January 1, 1895, when claimant went into possession.   At the time of the purchase by the claimant he had no notice of the judgment against the vendor, the defendant in fi. fa.   The sale was open and fair between the parties, and was

known to a number of persons in the community.    Plaintiff in fi. fa. knew nothing of the sale.    Claimant's deed to the premises was recorded March 29, 1895.    The justice who rendered the judgment against the defendant wrote the deed in his office in the presence of both the defendant and the claimant.    No inquiry was made by claimant about the existence of any judgment against the defendant in fi. fa., nor did the claimant examine the general execution or judgment dockets before he purchased the land from defendant.    Upon this agreed statement of facts the judge rendered a decision finding the land not subject to the plaintiffs' execution, to which plaintiffs excepted, and assign the same as error in their bill of exceptions.

1. It is contended by counsel for plaintiffs in error, that the registry act of 1889, as embodied in sections 2778 et seq. of the Civil Code, does not refer to transfers of property by deeds of absolute bargain and sale, but that it was simply intended to protect innocent creditors who might acquire liens or transfers of property belonging to defendants in fi. fa., to secure their debts.    We can see no possible reason for restricting the terms of the statute to such transfers only as may be made to creditors, nor can we see why the legislature should have contemplated giving such protection to a creditor and at the same time denying it to a bona fide purchaser for value.    If there is really any difference between a creditor who simply takes a deed from his debtor to secure a debt and a purchaser who for value obtains an absolute deed conveying to him an indefeasible title to the property, the latter more effectually acquires a transfer of the property than the former.    Counsel for plaintiffs in error insist, however, that the only way in which a purchaser can acquire real property from a defendant after the rendition of a judgment against him is by virtue of the provisions of section 5355 of the Civil Code, which declares in effect that where a bona fide purchaser for value of real property has been in possession thereof for four years, the same shall be discharged from the lien of any judgment against the person from whom he purchased; but that section has nothing whatever to do with the provisions of the registry act above cited.    Under the registry act (see Civil Code, § 2779) a judg-

ment shall not constitute a lien upon the property of the defendant from the rendition thereof, as against third parties acting in good faith and without notice who may have acquired a transfer of the property, unless the execution shall have been entered upon the general execution docket of the superior court within ten days from the time the judgment was rendered. It necessarily follows then that where the execution has not been recorded within the ten days as required, and a transfer of the property is thereafter made to an innocent purchaser without notice of the existence of the judgment and before the actual record of the execution, the judgment never does constitute a lien as against the purchaser upon the particular property thus disposed of by the defendant in fi. fa. Hence, section 5355 of the Civil Code can have no application to such a case, but refers to cases where the lien of the judgment once existed upon the land after the purchase or possession thereof by a bona fide purchaser, and by lapse of time the property has become discharged from the lien of such judgment. Under section 5355 such a lien may be discharged after the lapse of four years possession by an innocent purchaser, although he may have bought after a due record of the execution, and hence subject to the lien of the judgment.

Nor does it make any difference in this case that the purchaser did not examine the general execution docket of the county of defendant's residence before paying for and receiving title to the land; for if he had made such examination he would have obtained no information from the docket that could possibly have put him upon notice of the existence of such judgment. What the law requires in such a case to put innocent third parties upon notice of the existence of a judgment lien is an entry of the execution upon a certain record in the office of the clerk of the superior court. Where there is a failure to make such record, third parties are not charged with any duty to make an investigation or inquiry in relation to the existence of such a lien against their vendor.

These principles have been virtually decided by this court in the case of *Moody* v. *Millen*, 103 *Ga.* 452. In that case it appeared that the registry act of 1889 was directly applied to

the protection of a party who had absolutely purchased the property from the defendant after the rendition of the judgment but before the due record of the execution as provided by said act; and it was further held that the levy of an execution not duly entered on such docket, though followed by a claim and thus giving rise to a pending case, did not charge with constructive notice of the judgment one who, before the registration of the execution and without notice of the judgment, bought in good faith from a previous vendee of the defendant in execution. There was certainly in that case stronger ground for charging the claimant with constructive notice of the existence of the judgment than appears from the facts disclosed by this record.

2. It is further insisted in the argument for plaintiffs in error, that inasmuch as the plaintiffs' judgment in this case was rendered more than seven months before defendant sold the land to claimant, and defendant remained in possession more than four months after the sale, and plaintiffs' execution was entered on the general execution docket two months before defendant surrendered possession of the land and about four months before claimant's deed was recorded, these facts required a verdict finding the property subject, as both title and possession, so far as plaintiff knew or could have known, remained complete in the defendant for more than fourteen months after the plaintiffs' judgment was obtained against the defendant. The fact that the defendant remained in possession for a few months after the sale by him is fully explained in the agreed statement of facts. His possession was entirely consistent with the absolute title of the claimant, for he simply remained on the land until the beginning of the following year for the purpose of gathering therefrom the crops growing upon the premises, which it seems did not pass by the sale of the land itself. In the case of *Donovan* v. *Simmons*, 96 *Ga.* 340, it was held to be immaterial whether the claimants, after their purchase from the defendant in fi. fa., were in actual possession of the land levied on or not, since their unrecorded paper title was of itself sufficient to support the claim as against the plaintiffs' judgment. From this same ruling it also follows that the failure

of such a purchaser to record his deed has no effect whatever upon his rights in the property. In the case of *Lowe* v. *Allen*, 68 *Ga.* 225, it was decided that a judgment creditor whose debt was made before the making of a deed to land, but whose judgment was obtained afterwards, did not stand on the basis of a bona fide purchaser without notice, so as to prevent the correction of a mistake in the deed as against him, and that failure to record a deed, or its attestation by but one witness, does not postpone it to judgments junior to it. It is true the deed in this case was delivered after the rendition of the judgment, but the principle applied in the case above cited is directly applicable to this case, for the reason that the lien of the judgment under the registry act of 1889 had not attached to this land as against the rights of the claimant when he made and completed his contract for the purchase of the same. Accordingly it was held in the case of *Donovan* v. *Simmons*, supra, that the registry act of 1889 does not create a new competition between deeds of bargain and sale and the liens of judgments, and that "the consequences of a failure to record a deed of actual purchase are exactly the same now as they were prior to the passage of that act."

3. Applying the above principles of law to the facts agreed upon in this case, it follows as a logical result that the judgment rendered by the court below, finding the property not subject to the plaintiffs' execution, was not only authorized but demanded.

*Judgment affirmed. All the Justices concurring.*