## CROSBY *v.* KING HARDWARE COMPANY.

Inasmuch as section 2779 of the Civil Code allows the plaintiff in a judgment obtained in any court of this State ten days from the date of its rendition within which to have the execution issued thereon entered upon the general execution docket of the county, the plaintiff in a county court judgment may properly delay applying for an execution with a view to having the same entered on such docket until after the four days allowed the defendant for entering an appeal have expired; and inasmuch as the entering of the appeal during four days prevents the issuance of the execution by the county judge, the lien of the judgment appealed from, relatively to one who purchased from the defendant pending the appeal, is not affected by a failure on the part of the plaintiff to have execution issued and entered within ten days from the date of such judgment.

Submitted November 11, — Decided December 8, 1899.

Levy and claim. Before Judge Bennet. Appling superior court. March term, 1899.

*G. J. Holton & Son,* for plaintiff in error.
*Parker & Thomas,* contra.

COBB, J. The King Hardware Company sued J. D. Dunn & Company, J. D. Dunn, W. D. Dunn, and Mary C. Johnson, in the county court, and obtained judgment on the 29th day of June, 1896. The defendants entered an appeal to the superior court. The trial of the appeal resulted in a judgment against. J. D. Dunn & Company and J. D. Dunn as principals, and W. M. Stone as security on the appeal, on the 5th day of March, 1897. The execution issued on the latter judgment was levied upon a tract of land, and Crosby interposed a claim to the same. Upon the trial of the claim case the above facts appeared, and it further appeared that the claimant relied upon a deed to the property in controversy from J. D. Dunn and W. D. Dunn, dated November 11, 1896, and that J. D. Dunn acquired title

on the 25th day of March, 1896, under a conveyance from W.W. Graham. It also appeared that if any execution was ever issued upon the judgment in the county court the same was never entered upon the general execution docket of the county of the defendants' residence. The case having been submitted to the judge to be determined without the intervention of a jury, he rendered a judgment finding the property subject to the execution, and the claimant excepted.

When a money judgment is obtained in a county court against a person residing in that county, the plaintiff in the judgment has ten days from the date of the judgment to have execution issued and entered upon the general execution docket which is required by law to be kept by the clerk of the superior court. The lien of such judgment is a valid and binding lien as to all persons within the ten days, although not entered upon the general execution docket. Civil Code, § 2779. The judge of the county court can be compelled to issue an execution as soon as the judgment is rendered, but if he fails to issue the same within the time allowed by law for an appeal to be entered, the power to issue the execution is taken away by the entering of the appeal. Civil Code, § 4205. The plaintiff has ten days within which to have an execution issued and entered upon the general execution docket. The defendant has four days in which to enter an appeal. The plaintiff is under no obligation whatever to apply for an execution within the four days, and as the power to issue the execution is taken away from the judge after the entering of the appeal, no loss must be allowed to fall upon the plaintiff in execution simply because he has failed to do what he might have done but what he was under no legal obligation whatever to do. The judgment of the county court is a lien upon the property of the defendant, and this lien is not discharged by the entering of an appeal, but is merely suspended, and the judgment entered on the appeal is a lien upon property of the defendant, and is to be treated as being of the date when the judgment appealed from was entered. *Watkins* v. *Angier*, 99 *Ga.* 519. The lien of the judgment rendered in the county court attaches to the property of the defendant the moment the judgment is

entered, but it is lost, as against a purchaser without notice, if the plaintiff in execution fails to have execution issued and entered upon the general execution docket within ten days from the date of the judgment, if no appeal is entered. As the entering of an appeal prevents an execution from being issued, the lien of the judgment which has already attached to the defendant's property adheres to the same; and purchasers from him buy at their peril if they fail to examine the records of the county court in the county where the defendant is liable to be sued.

It follows from the foregoing, that one who purchases from the defendant in execution while the appeal is pending takes subject to whatever judgment may be rendered on the trial of the appeal. While the case of *Dodd* v. *Glover*, 102 *Ga.* 82, was dealing with a case arising prior to the time that the registration act of 1889 took effect, the principle of that decision is applicable here, for the reasons above stated.

*Judgment affirmed. All the Justices concurring.*