## STATE BANK OF ROME v.· MOORE.

1. Where one obtains a judgment in the superior court and fails to have execution issued and recorded in accordance with the provisions of the Civil Code, § 3321, relating to the keeping of the general execution docket and the entry of executions thereon, the lien of the judgment is lost as against property conveyed by the defendant in judgment to a purchaser without notice, subsequently to the expiration of the period provided for the entry of the execution on the general execution docket and before the entry of the execution thereon.
2. The fact that a motion for a new trial was filed by the defendant in judgment after the period within which the statute requires the entry of the execution on the general execution docket did not extend the time prescribed for entry of the execution as provided in the statute.

No. 527. JUNE 15, 1918.

Claim. Before Judge Wright. Floyd superior court. July 25, 1917.

In a suit brought in the superior court of Floyd county R. H. Moore obtained a verdict against Watters on October 31, 1911, and had judgment entered on November 1, 1911. On November 29, 1911, Watters filed a motion for a new trial, which motion was pending until September 28, 1914, and was then dismissed by the court for want of prosecution. Moore had execution issued on October 8, 1914, and this execution was recorded on the general execution docket of Floyd county on the same day. On September 9, 1912, Watters executed and delivered to the American Bank & Trust Company (now the State Bank of Rome) his deed to secure a debt, conveying certain land, which deed was filed for record on January 4, 1913, and was recorded. The grantee took this deed in good faith and for a past consideration, without notice of the judgment. Moore caused his execution to be levied on the land conveyed by Watters to the bank, and the bank filed its claim. The case was submitted to the judge without the intervention of a jury; and he found in favor of the plaintiff in execution. The claimant excepted.

*Barry Wright* and *Denny. & Wright,* for plaintiff in error.

*Maddox & Doyal* and *Harris & Harris,* contra.

BECK, P. J. (After stating the facts.) The claimant contends that the plaintiff in fi. fa. was not in a position to insist upon the lien of his judgment, because of a failure to record his fi. fa. in accordance with the provisions of the Civil Code, § 3321. That section is as follows: "The clerk of the superior court of each

county shall be required to keep a general execution docket; and as against the interests of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the defendant's property, no money judgment obtained within the county of the defendant's residence, in any court of this State, whether superior court, ordinary's court, county court, city court, or justice court, or United States court in this State, shall have a lien upon the property of the defendant from the rendition thereof, unless the execution issuing thereon shall be entered upon said docket within ten days from the time the judgment is rendered. When the execution shall be entered upon the docket after the ten days, the lien shall date from such entry." In the case of *Harvey* v. *Sanders,* 107 *Ga.* 740 (33 S. E. 713), it was held that the provisions of this section were intended not only for the protection of innocent creditors who might acquire liens or transfers of property of the defendant in fi. fa. to secure their debts, but also for the protection of bona fide purchasers for value. And we are of the opinion that this contention of the claimant is sound. The defendant in error maintains that the ruling made in the case of *Crosby* v. *King Hardware Co.,* 109 *Ga.* 452 (34 S. E. 606), is applicable under the facts of this case. The ruling there made is as follows: "Inasmuch as section 2779 of the Civil Code [Code of 1910, § 3321] allows the plaintiff in a judgment obtained in any court of this State ten days from the date of its rendition within which to have the execution issued thereon entered upon the general execution docket of the county, the plaintiff in a county-court judgment may properly delay applying for an execution with a view to having the same entered on such docket until after the four days allowed the defendant for entering an appeal have expired; and inasmuch as the entering of the appeal during four days prevents the issuance of the execution by the county judge, the lien of the judgment appealed from, relatively to one who purchased from the defendant pending the appeal, is not affected by a failure on the part of the plaintiff to have execution issued and entered within ten days from the date of such judgment." We do not think the ruling made in the *Crosby* case should be so extended as to include a case like the present one. The court was dealing, in the *Crosby* case, with the effect of an appeal which must be entered within four days; that is, within a period less

than the period within which an execution must be entered upon the general execution docket. An appeal differs also from a motion for a new trial, in this, that an appeal suspends the judgment, whereas a rule nisi issued where a motion for a new trial is made does not necessarily operate as a supersedeas, though it may do so where the judge orders it. And again, the motion for a new trial may be filed after the time within which the execution would necessarily be recorded, under the provisions of the Civil Code, § 3321. We do not think that the plaintiff who has reduced his claim to judgment can delay for thirty days, the time within which a motion for a new trial must be filed, and twenty days longer than the period within which the execution must be recorded, and still insist upon the validity of his lien as against a deed to a bona fide purchaser without notice, who has purchased before the record of the execution. Under the uncontroverted facts in the record the claimant was entitled to a finding in his favor, and the contrary finding was error.

*Judgment reversed. All the Justices concur.*