## HOUSTON v. CAMPBELL.

ATKINSON, J. 1. A husband gave his promissory note to one claiming to be his creditor; a judgment was obtained on the note, and execution issued thereon was levied on land as property of the husband; and his wife interposed a statutory claim. On trial of the claim case it appeared that the wife was in possession of the land under a duly recorded voluntary deed executed by the husband to her after execution of the note, but before institution of the suit on the note. *Held,* that the wife was not concluded by the judgment, and on the trial of the claim she was authorized to introduce evidence tending to show that the note was procured by fraud of the payee practiced on the husband, and that the latter did not owe the payee anything at the time the note was given or at the date of the conveyance from the husband to the wife. *Ruker* v. *Womack,* 55 *Ga.* 399; *Morris* v. *Murphey,* 95 *Ga.* 307 (22 S. E. 635, 51 Am. St. R. 81); *Elwell* v. *New England Mortgage Co.,* 101 *Ga.* 496 (28 S. E. 833); *Moody* v. *Millen,* 103 *Ga.* 452 (30 S. E. 258); *Marshall* v. *Charland,* 106 *Ga.* 42 (31 S. E. 791); 15 R. C. L. 1028, § 503, notes 18, 19.

2. Applying the principle above announced, the trial court erred in rejecting the evidence offered by the claimant, tending to show that the note did not represent an existing debt owed by the donor at the time the deed was executed; that the donor was solvent; that the transaction between the donor and his wife was in good faith, and not made for the purpose of hindering or delaying creditors. The error in rejecting such evidence affected the verdict finding the property subject; and the judgment refusing a new trial must be reversed.

*Judgment reversed. All the Justices concur.*

No. 2076. FEBRUARY 19, 1921.

Claim. Before Judge Eve. Worth superior court. March 19, 1920.

*J. H. Tipton,* for plaintiff in error.

*Passmore & Forehand,* contra.