## DOYAL *v.* TOMMEY.

1. The judgment of a court of competent jurisdiction may be set aside by a decree in a court of equity, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or the fault of the complainant.
2. Under the facts of this case the trial judge did not err in setting aside the judgment complained of, and in reinstating the case on the court calendar for trial.

No. 4557. APRIL 24, 1925.

Motion to set aside judgment. Before Judge Humphries. Fulton superior court. September 4, 1924.

A. C. Tommey brought an equitable petition against C. G. Doyal, and alleged, that on August 15, 1922, the defendant filed suit in Fulton superior court against the plaintiff; that thereafter, on January 16, 1923, the cause of action was settled between plaintiff and defendant, as evidenced by a written agreement a copy of

which is attached to the petition; that at the time the defendant stated to the plaintiff that he would see his lawyer and have the case dismissed, and plaintiff, relying on this representation, paid no more attention to the suit, notwithstanding he had a good defense to the same; that thereafter on March 25, 1924, the defendant went before a jury in said court and testified that the plaintiff was indebted to him, and obtained a verdict and judgment in said case for the sum of $1635, and had execution issued thereon, and has instructed the sheriff of Fulton County to proceed with the collection of the execution; that plaintiff now for the first time has discovered that said judgment existed; that the same was obtained by fraud, in that the suit had been settled and that the defendant had promised to have the case dismissed, but instead proceeded to prosecute the case to judgment; that plaintiff is now the owner of a one-third interest in the judgment, by purchase from the attorney of record in the case; and that his interest in the judgment has been satisfied as shown by a bill of sale, a copy of which is attached to the petition. Plaintiff prayed that the judgment be set aside and the cause of action dismissed, that process issue requiring the defendant to be and appear at the next term of court to answer plaintiff's complaint, and that the defendant be enjoined against trying to collect the execution pending the suit. By an amendment the plaintiff alleged that the settlement shown by exhibit A attached to the petition had been completely executed, etc. The bill of exceptions alleges that the defendant, Doyal, "demurred to said proceedings, on the ground that the contract set out in said motion was void for want of consideration." If the demurrer was in writing, it is not specified in the bill of exceptions, nor does it appear in the record; nor is there in the record an answer to the motion to set aside the judgment rendered in the original case. There is in the record the answer of the defendant, Tommey, to the original suit, which averred among other things that the plaintiff's (Doyal's) wife was the mother of the two minor children mentioned in plaintiff's suit, and that she had theretofore instituted a suit for divorce and alimony against the defendant, wherein she asked for the custody of the children, and that by mutual consent their custody was surrendered to the plaintiff's wife; that she successfully prosecuted the suit for divorce to a conclusion, and that she and the defendant were divorced, and

that the plaintiff married her and took her and the two minor children to his home, he knowing that defendant had surrendered his parental control over the children to their mother, the plaintiff's wife. Defendant denied paragraphs 2, 3, 4, 5, and 6 of the plaintiff's petition in the original suit. After hearing evidence in support of plaintiff's motion to set aside the judgment, the court rendered a judgment setting it aside "as fully and effectually as if the same had never been entered, on the ground that the same was obtained by fraud, and said case is hereby remanded to the trial calendar." To this judgment the plaintiff in error excepted.

*R. O. Lovett* and *J. E. Garst,* for plaintiff in error.

*Louis H. Foster,* contra.

HILL, J. (After stating the foregoing facts.) The Civil Code of 1910, § 5965, provides that "The judgment of a court of competent jurisdiction may be set aside by a decree in chancery, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant." And see *Dodge* v. *Williams,* 107 *Ga.* 410 (33 S. E. 468); *Wright* v. *Martin,* 153 *Ga.* 32 (111 S. E. 190). It appears from the record in this case that the defendant had filed an answer to the action brought against him, which he was prevented from prosecuting, without fault on his part, by the fraudulent representation of the plaintiff, made before the trial, that he would have the suit dismissed on account of a settlement which had been made between the parties, a copy of which appears in the record. But it is insisted by defendant that this agreement was without consideration; that the plaintiff in the present case was the father of the child which he had agreed to educate, and therefore that there was no consideration moving from the plaintiff in the present case to him. But we are of the opinion that that is beside the question here involved. The question here is, had the defendant agreed to dismiss the suit against the present plaintiff? If he had, and the plaintiff acted upon that agreement, and the defendant fraudulently went ahead and prosecuted his suit to judgment notwithstanding the settlement of the case, this would be such a fraud upon the plaintiff as that he could have the judgment set aside on a timely motion made for that purpose. The evidence in the case, on the motion to set aside, is sufficient to authorize the trial judge to find that such an agreement had been entered into and acted

upon by the parties to the case, and that it was a fraud upon the plaintiff for the defendant afterwards to prosecute the suit to judgment in the plaintiff's absence and without his knowledge. We are of the opinion, therefore, that the trial judge was authorized, under the pleadings and evidence, to set aside the judgment and place the case on the calendar for trial.

*Judgment affirmed. All the Justices concur.*