*Robert L. Colding,* for plaintiff.

---

STRINGER, administrator, *v.* WHEELER.

1. Where the administrator of M. advertised land for sale as the property
of his intestate, and a statutory claim was interposed by the adminis-
tratrix of J., upon the trial of which the verdict and judgment were
that the land was the property of the estate of M., and not of J., and
where thereafter an execution in favor of a creditor of J., based on a
judgment against his administratrix, was levied on the same land, it
was error, on the trial of a claim interposed by the administrator of M.,
to exclude from evidence duly certified copies of the record in the claim
case first mentioned.
2. It was not error to overrule a single objection to a series of questions
as a whole, some of which were not subject to that objection.

No. 4567. SEPTEMBER 18, 1925.

Claim. Before Judge Blair. Cherokee superior court. Septem-
ber 27, 1924.

*Wood & Vandiviere* and *Morris, Hawkins & Wallace,* for plain-
tiff in error.

*E. W. Coleman,* contra.

ATKINSON, J. On April 16, 1921, J. Guy Stringer executed
his note to J. F. Wheeler for $4000, due January 1, 1922, and died
in the summer of the same year. A judgment was obtained for
the amount of the note, December ·30, 1923, against his adminis-
tratrix. An execution based on the judgment was levied on cer-
tain lands as the property of his estate. A statutory claim was in-
terposed by the administrator of the estate of Mrs. Margaret S.
Stringer, deceased, mother of J. Guy Stringer. On the trial the
jury returned a verdict finding the property subject. The claim-
ant made a motion for a new trial, which being overruled, she ex-
cepted.

1.   The administrator upon the estate of Mrs. Margaret Stringer was proceeding to advertise for sale as the property of his intestate the land now in question.   The administratrix upon the estate of J. Guy Stringer interposed a statutory claim dated April 28, 1923. The case was transmitted to the superior court, and on the trial of the case at the December term a verdict was returned on December 13, 1923, finding that the land was the property of the estate of Mrs. Margaret S. Stringer and was not the property of the estate of J. Guy Stringer.   Judgment was duly entered upon this verdict.   On the trial of the instant claim case described more particularly in the statement of facts, the judgment in the claim case between the administratrix and the administrator was conclusive as against the administratrix of J. Guy Stringer, and likewise creditors such as the plaintiff in fi. fa., which she represented, unless there had been an issue made that the judgment was due to fraud and collusion between these representatives.   *Morris* v. *Murphey,* 95 *Ga.* 307 (22 S. E. 635, 51 Am. St. R. 81) ; *Bush* v. *Bank of Thomasville,* 111 *Ga.* 664 (3) (36 S. E. 900).   And it was erroneous to exclude from evidence duly certified copies of the record in the claim case between said legal representatives.   This decision does not conflict with the ruling in *Smith* v. *Gettinger,* 3 *Ga.* 140, or *Perry* v. *Reynolds,* 137 *Ga.* 427 (73 S. E. 656).

2.   The plaintiff in fi. fa. introduced a duly recorded deed from Mrs. Margaret S. Stringer, dated May 2, 1914, to the defendant in fi. fa., J. Guy Stringer.   The claimant introduced an unrecorded deed from the same J. Guy Stringer back to his mother, Mrs. Margaret S. Stringer, dated May 6, 1922.   While the plaintiff was on direct examination as a witness in his own behalf, the court admitted the following questions and answers:   "Was that the note you got from Guy Stringer?   A. Yes, sir.   Q.   Is that the one on which judgment was rendered here?   A. Yes, sir.   Q.   What examination, if any, did you make of the records to see where the title to this property was located?   A.   I sold out to Stringer the first days of April, but we didn't fix the papers at the present time, and I come to examine the record and see how the deed stood, and I fixed those papers and they were clear the way I understood it in the first days of April, 1921.   Q.   What effect did that have on you towards taking the note?   A.   I went on and took Mr. Stringer's note individually."   The evidence was admitted over objection

that it related to transactions and communications between the plaintiff, as a witness in his own behalf, and J. Guy Stringer, who had been shown to be dead, and that the witness was incompetent to testify as to such matters.

A portion of the evidence set out above was admissible over the objection that the witness was incompetent to testify as to a transaction with the deceased. Another portion of the evidence was inadmissible over such objection. The objection being to the evidence as a whole, the court did not err in overruling the same. *Barnard* v. *State,* 119 *Ga.* 436 (3) (46 S. E. 644); *Edenfield* v. *Brinson,* 149 *Ga.* 378 (100 S. E. 373); *Ward* v. *Morris,* 153 *Ga.* 421 (112 S. E. 719); *Hudson* v. *State,* 153 *Ga.* 695 (113 S. E. 519); *Waters* v. *Wells,* 155 *Ga.* 439 (117 S. E. 322); *Harrell* v. *Williams,* 159 *Ga.* 230, 236 (125 S. E. 452).

*Judgment reversed. All the Justices concur.*