## SYLVANIA INSURANCE COMPANY *v.* JOHNSON.

No. 8530. OCTOBER 17, 1931.

*Wilson, Bennett & Pedrick,* for plaintiff in error.

*C. A. Williams,* contra.

HILL, J. W. L. Johnson filed a petition against Sylvania Insurance Company and two attorneys for said company, alleging that in January, 1928, that company filed an action of bail-trover against Johnson for the recovery of certain personalty, and that after service upon him Johnson was preparing to execute bond and file his defense to said proceeding, when he was told by the attorneys for the insurance company that if he would not make bond for the property they would accept the same in full settlement of the demand, dismiss the action of trover, and the case would never go to trial; that, relying on this statement, Johnson surrendered the property and did not file his defense to said action; that at the May term, 1929, of the superior court, without his knowledge and during his absence from said county, a verdict and judgment were rendered against him in favor of the Sylvania Insurance Company, based on the action of trover; that he had a meritorious legal and valid defense to the claim for hire of said property; "that he had no knowledge of counsel for plaintiff in the trover action violating their promise to dismiss the suit, until several weeks after the adjournment of the May term, 1929, of said superior court, at which term of court said verdict and judgment was obtained against him, said A. J. Tuten, as attorney for plaintiff, appearing and representing said plaintiff therein, and he is filing this petition in said superior court at this the August term, 1929, it being the first term of court after he learned of the rendition of said verdict and judgment." He prayed for decree setting aside the verdict and judgment in the trover suit; that the trover suit be reopened, and he allowed to file his defense; and for general relief. A demurrer and motion to dismiss the petition were overruled, and the Sylvania Insurance Company excepted.

The Civil Code (1910), § 5965, provides that "The judgment of a court of competent jurisdiction may be set aside by a decree in chancery, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant." The petition in the present case does not use the word "fraud," but the allegations of the petition describing the acts complained of are sufficient allegations that a fraud was practiced upon the defendant in error. The demurrer admits these allegations to be true; and

so taking the allegations, defendant in error is entitled to the aid of a court of equity to have the verdict and judgment, which was taken under the circumstances stated in the petition, set aside by proper decree of the court, if the evidence so authorized. *Doyal* v. *Tommey,* 160 *Ga.* 378 (127 S. E. 750); *Bryant* v. *Bush,* 165 *Ga.* 252 (140 S. E. 366). But it is argued that even if the petition is an equitable one, coming within the jurisdiction of a court of equity, it is in effect a motion for new trial, and is defective because no brief of the evidence was filed. This contention is without merit. *Williamson* v. *Haddock,* 165 *Ga.* 168 (140 S. E. 373). The petition is sufficient to withstand the attack of the general demurrer and the oral motion to dismiss the case.

*Judgment affirmed. All the Justices concur.*