22380. COMMERCIAL CREDIT COMPANY OF GEORGIA *v.* JONES MOTOR COMPANY *et al.*

BROYLES, C. J.  1. Where one makes a conditional sale of personal property, retaining the title in himself to secure the purchase-money, a failure to record the contract within thirty days, as required by section 3319 of the Civil Code of 1910, does not render the property subject to a judgment rendered in favor of a third person and against the vendee of the personalty prior to the making of the conditional sale of such personalty. "As to such a judgment creditor, the failure to record the contract of sale is immaterial." *Conder* v. *Holleman,* 71 *Ga.* 93. "A judgment creditor whose lien antedates the contract of sale is not one of the 'third parties' referred to by the law regarding conditional sales, as embodied in section 3318 of the Civil Code." *American Law Book Co.* v. *Brunswick &c. Co.,* 12 *Ga. App.* 259 (77 S. E. 104).

(*a*) The fact that the plaintiff in fi. fa. was a transferee does not change the rule. "Any plaintiff or transferee may bona fide, and for a valuable consideration, transfer any judgment or execution to a third person, and in all cases the transferee of any judgment or execution shall have the same rights, and be liable to the same equities, and subject to the same defenses as the original plaintiff in judgment was." Civil Code (1910), § 5969. However, conceding (but not deciding) that a bona fide transferee of a judgment can prevail against the maker and holder of a conditional-sale contract covering personalty sold long after the date of the judgment, the evidence in the instant case demanded a finding that the Jones Motor Company (the plaintiff in fi. fa.) was not a bona fide transferee.

(*b*) Section 5946 of the Civil Code of 1910 is not repealed by section 3321 of the same code; nor is there any conflict between the two sections when they are properly construed.

2. In a claim case the filing of a claim is the commencement of the suit. *Rucker* v. *Womack,* 55 *Ga.* 399 (3); *Oatts* v. *Wilkins,* 110 *Ga.* 319 (35 S. E. 345). In the instant case the date of the levy was July 3, 1931, and the claim was filed on July 13, 1931. The burden was on the claimant to prove that on *the date of the filing of his claim* he had title to the property claimed. He failed to carry that burden by adducing evidence which showed merely that he had such title *on the date of the levy*. It follows that the judge of the municipal court of the city of Macon erred in directing a verdict in favor of the claimant, and the judge of the superior court properly sustained the certiorari. However,

the judge of the municipal court did not, for any reason assigned, err in admitting in evidence the retention-of-title contract, and the judge of the superior court erred in ordering the trial judge to reject such contract when again offered in evidence, "or to direct a verdict in favor of the plaintiff in fi. fa. for the reason that under the facts the judgment lien is superior to the title attempted to be reserved, and to submit to the jury on the new trial ordered only the question of the right of the plaintiff in fi. fa to damages against the claimant as for delay." Upon the new trial ordered, the claimant may be able to introduce evidence showing that he had title to the property in question on the date of the filing of his claim. Therefore the judge of the superior court should have merely sustained the certiorari and ordered a new trial.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED JANUARY 25, 1933. REHEARING DENIED FEBRUARY 24, 1933.

*Martin, Martin, Snow & Gillen,* for plaintiff in error.
*D. Lee Churchwell,* contra.