HIGGINBOTHAM *v.* ADAMS *et al.*

No. 13738.   MAY 16, 1941.

206

*J. G. Faust* and *W. F. Manley,* for plaintiff.

*Miles W. Lewis,* for defendants.

DUCKWORTH, Justice. ■ The first question encountered is whether the petitioner as a legatee has the right to maintain this action against a third person. The general rule on this subject is that creditors and heirs may sue third persons only in the name of the representative of the estate. Code, § 113-1512; *Hardwick* v. *Thomas,* 10 *Ga.* 266; *Worthy* v. *Johnson,* 8 *Ga.* 236 (2) (52 Am. D. 399) ; *Edwards* v. *Kilpatrick,* 70 *Ga.* 328; 21 Am. Jur. 940, § 1003. It is also the law, that, in the absence of fraud and collusion between the executor and a creditor, a judgment regularly rendered in a court of competent jurisdiction in favor of the creditor and against the executor is conclusive upon legatees and creditors, as to all matters adjudicated. *Morris* v. *Murphey,* 95 *Ga.* 307 (22 S. E. 635, 51 Am. St. R. 81) ; *Houston* v. *Campbell,* 151 *Ga.* 180 (106 S. E. 87) ; *Stringer* v. *Wheeler,* 161 *Ga.* 91 (129 S. E. 634) ; *Clark* v. *Tennessee Chemical Co.,* 167 *Ga.* 248 (5) (145 S. E. 73). Assuming for the present that the judgment attacked by the petition is regular on its face, the right of the petitioner to maintain this action is, on application of the foregoing rulings, dependent upon whether or not it alleges fraud and collusion. Neither of the words "fraud" or "collusion" is found in the petition. That is not required by the law. *Sylvania Insurance Co.* v. *Johnson,* 173 *Ga.* 679 (160 S. E. 788). It would not be sufficient in law for the pleader to make the general averment that the judgment assailed is the result of fraud and collusion. Such a general statement would be a mere conclusion of the pleader, without fact to support it, and would have no validity as an allegation. What the law demands is an averment of the facts that constitute fraud

and collusion; and if such facts are set forth, that is sufficient. *Coleman* v. *Coleman*, 113 *Ga.* 149. (38 S. E. 400). We think the averments in the present case, when measured either by their fair and reasonable meaning or by previous constructions of this court, constitute allegations of fraud and collusion. It is alleged, that the judgment under attack is based upon two promissory notes, the individual obligations of the executrix; that she used funds belonging to the estate to make payments amounting to $550 on the notes; that she suffered a default judgment thereon, and has used funds belonging to the estate to make a payment on the judgment; and that upon request of petitioner she refused to institute proceedings to set aside the judgment. The notes show that the consideration of one was the purchase-money of an automobile bought by Mrs. Higginbotham, and that both are signed by her as an individual. Her signature on one is followed by the word "executrix," but this does not have the effect of making the note an obligation of the estate or preventing it from being her individual undertaking. Code, § 4-401. The petition further charges that the will did not authorize the executrix to execute the notes on behalf of the estate, and that for this reason no attempt on the part of the executrix to bind the estate by such notes would be effective. If these allegations are true, and they must be so taken on demurrer, the executrix has violated her trust and injured the estate and derived a personal benefit therefrom. The plaintiff in judgment knew that he had no right to sue the estate and was not entitled to a judgment against the estate, and despite this knowledge he procured a default judgment and has received as payment thereon money belonging to the estate.

Permitting a default judgment might be attributable to negligence rather than collusion and fraud, but for the facts that before judgment the executrix had unlawfully applied funds belonging to the estate to her personal debt, and after the judgment she had used the estate's money to make a payment on the judgment, knowing all the time that the obligation was hers, and that she had no right to apply the estate's money to the payment thereof. The bad faith of the creditor is indicated by his seeking a judgment against the estate in a suit setting up only the individual obligation of the executrix without any attempt to allege a reason why the estate should be held liable therefor. If the averments of the petition are

true, the creditor could not have made allegations to show liability of the estate. If such allegations had been made and were false, they would have constituted a fraud authorizing a court of equity to set aside the judgment. *Hamilton* v. *Bell,* 161 *Ga.* 739 (132 S. E. 83). His judgment is not rendered valid simply because he refused to make essential allegations because they would have been false. By knowingly leaving out such averments, which were essential to entitle him to a judgment, then taking a judgment by default against a willing executrix, the fraud is consummated by other methods it is true, but fraud nevertheless. "Such judgment will be open to attack whenever and wherever it may come in conflict with the rights or the interest of third persons. . . Fraud is not a thing that can stand, even when robed in a judgment." *Smith* v. *Cuyler,* 78 *Ga.* 654 (2), 660 (3 S. E. 406); *Crawford* v. *Williams,* 149 *Ga.* 126, 132 (99 S. E. 378). A case very similar on its material facts was before this court in *Clark* v. *Tennessee Chemical Co.,* supra. There the will directed that the real estate of the testator be kept together until a daughter attained the age of twenty-one. The executor gave a note, purporting to be the obligation of the estate, for the purchase-money of fertilizer to be resold, and this court said: "Such a transaction is a fraud upon the estate and devisees and legatees of the testator." Suit was brought on the note, the executor made no defense, and permitted the creditor to take a judgment de bonis testatoris; and this court held that equity would enjoin enforcement of the judgment and prevent application of funds belonging to the estate to the payment thereof, "upon the ground that such judgment was obtained by fraud and collusion between the executor and the creditor." While it is stated in the case last referred to that the executor was insolvent, it can not be said that such insolvency is a prerequisite to the maintenance of such an action by the legatee. In *Morris* v. *Murphey,* supra, after holding that other creditors may impeach and set aside a collusive judgment that may operate as a fraud, it is said: "Such creditors may also have their election to proceed against the administrator and his bondsmen." See *Home Mixture Guano Co.* v. *Woolfolk,* 148 *Ga.* 567 (97 S. E. 637), where facts no stronger than those in the present case were held to constitute fraud and collusion. We are here dealing with an executrix, and there is no requirement of law that such executrix give a bond.

The petitioner as a legatee was interested in the estate, and he has the right to attack the judgment against the estate, without regard to the solvency or insolvency of the executrix. In this view it is immaterial whether the suit on the notes could have been amended, as contended by the defendants in error; because a cure of all defects in the pleadings would not have altered the right of the legatee to attack the judgment for fraud and collusion. The general demurrer should have been overruled.

Certainly it will be understood that we do not mean to intimate that any such fraud or collusion actually existed as a matter of fact. We are dealing only with the allegations of fact in the present petition, which, as indicated above, must be treated as if true for the purpose of decision where considered on demurrer.

Paragraph 16 of the petition sought recovery of total payments of $550 on the notes, made more than four years before the filing of the suit. This paragraph was assailed by special demurrer on the ground that it was barred by the statute of limitations. This demurrer was properly sustained. Code, §§ 3-706, 3-711; *Cannon* v. *Lynch,* 112 *Ga.* 660 (37 S. E. 858).

*Judgment reversed in part, and affirmed in part. All the Justices concur.*