GEORGIA MANUFACTURING AND PAPER MILL COMPANY,
plaintiff in error, vs. THOMAS P. AMIS, defendant in error.

Subscription to the stock of an incorporated company does not create a
statutory liability.  Right of action thereon is barred at the expiration
of six years.

Statute of limitations.  Before Judge BUCHANAN.  Coweta
Superior Court.   March Term, 1874.

For the facts of this case, see the decision.

J. B. S. DAVIS, for plaintiff in error.

A. H. COX; AUSTIN & HARRIS; P. H. BREWSTER, for
defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the de-
fendant on a promissory note, for the sum of $159 10, dated
27th December, 1869, due one day after date.   To this action
the defendant pleaded as a set-off, a subscription to stock made
by the plaintiff to defendant on the 14th day of June, 1866.  On
the trial of the case, the court charged the jury: "If you be-
lieve, from the evidence, that more than six years had elapsed
after defendant's right of action accrued on the subscription, be-
fore the same was pleaded as a set-off to plaintiff's suit, and in
the absence of proof to the contrary, I charge you that the
right of action accrued at the time of the subscription, and
that the right of the defendant to plead the subscription of
the plaintiff as a set-off to plaintiff's suit in this case, was
barred by the statute of limitations."   This charge of the
court, is the error complained of here.   It is insisted by the
plaintiff in error that this subscription for stock comes with-
in the 2916th section of the Code, which declares, that all
suits for the enforcement of rights accruing to individuals un-
der statutes, acts of incorporation, or by operation of law,
shall be brought within twenty years after the right of action

accrues. The liability of the plaintiff on his stock subscription, or the right to enforce the same, did not accrue to the defendant under any statute, act of incorporation, or by·operation of law, but the right accrued to the defendant by virtue of the plaintiff's individual contract as specified in his stock subscription. It was that individual contract of the plaintiff, which gave to the defendant the right of action against him, and if that right of action was not enforced within six years from the time of the accrual thereof, then it was barred by the statute of limitations. We find no error in the charge of the court to the jury in view of the facts disclosed by the record.

Let the judgment of the court below be affirmed.