GLENN, trustee, *vs.* HOWARD.*

Where, by the charter of a corporation, a call was to be made upon the stockholders for unpaid subscriptions whenever necessary by the president and directors, but no such call was ever made, and the corporation made an assignment in which no authority was given to the assignees to make a call; and where, by decree in chancery, at the instance of creditors of the corporation, these assignees were removed, the debts of the corporation were ascertained, a new trustee was appointed to carry out the purposes of the conveyance (which was an assignment for the benefit of creditors), and a call was directed to be made upon the stockholders for a certain percentage of their unpaid subscriptions, an action brought by such trustee against a stockholder within four years from that decree was not barred by the statute of limitations.

. January 28, 1889.

Stock and stockholders. Stock assessments. Statute

---

*This case was argued at the last term, and the decision reserved.

of limitations.    Before Judge RONEY.    Richmond superior court.·· October term, 1887.

Reported in the decision.

CALHOUN, KING & SPALDING and C. HENRY COHEN, for plaintiff.

FRANK H. MILLER and WILLIAM K. MILLER, for defendant.

BLANDFORD, Justice.

This case was argued at the last term of this court, and the decision held up in order to get a decision of the Supreme Court of the United States upon the same question; but we are now satisfied that no such decision will be rendered by that court within the time allowed for the decision of the present case, it being imperative that the case shall be decided at this term.

Glenn, trustee, brought his action against Howard, in the superior court of Richmond county, in which he alleged that Howard was a subscriber to a certain number of shares of stock in the National Express and Transportation Company; that on September 20th, 1866, that company made an assignment to certain persons for the benefit of the creditors of the corporation; that thereafter, to wit, in 1871, within five years after the assignment was made, a bill was filed in the chancery court of Richmond, Virginia, by certain creditors of the corporation against the corporation and the trustees or assignees appointed under the assignment, which bill prayed the removal of the assignees and the appointment of some other persons in their stead; it also prayed that an account be taken as to the debts of the corporation, and that an assessment be be made upon the stockholders who owed upon their

unpaid stock subscriptions. Upon that bill a decree was rendered, on the 4th of December, 1880, in which the debts of the corporation were ascertained, and in which it was directed that the assignees appointed under the deed of assignment be moved, and that Glenn, the present plaintiff, be appointed trustee to carry out the purposes of that conveyance. The decree further directed that a call be made upon these subscribers to pay thirty per cent. upon their unpaid subscriptions. Within four years from that decree the present action was brought.

A demurrer was filed to the declaration, upon the ground that the action was barred by the statute of limitations; and the court below sustained the demurrer. Glenn, the trustee, excepted to that decision, and brought the case to this court for review.

Under the facts alleged in the declaration, was the cause of action barred? The Supreme Court of Virginia, in a similar suit, involving the same question, (Vanderwerken vs. Glenn, 6 Southeastern Reporter, 806,) held that the statute of limitations did not commence to run until after the call was made, under the decree above referred to. The Supreme Court of Maryland, when the question came before it, held to the same effect. (Glenn, trustee, vs. Williams et al., 60 Md. 95.) The Supreme Court of Alabama, in a case involving the same question, (Glenn, trustee, vs. Semple, 80 Ala. 159,) likewise held that the statute of limitations did not begin to run until this call was made. Here, then, are three courts of last resort of different States of the Union, that have directly decided the question made in the present case. We are aware that there is a decision to the contrary by Judge Brewer of the United States Circuit Court, (Glenn vs. Dorsheimer et al., circuit court of Missouri, 23 Federal Reporter, 695,) in which it was

held, that where an insolvent corporation ceases to do business, and assigns all its property, including unpaid stock subscriptions, to trustees for the benefit of its creditors, the liability of its stockholders at once becomes absolute, and the statute of limitations begins to run in their favor, and against such creditors and trustees, immediately. And this is the only decision to the contrary that we have been able to find directly upon the question. Other cases have been referred to by learned counsel who argued the case, which seem to look in that direction; and I must say for myself that there is a great deal of reason in favor of the decision of Judge Brewer; but the weight of authority is unquestionably against the ruling of the court below in this case. Under the act incorporating this company, a call was to be made upon the stockholders for their unpaid subscriptions, whenever necessary, by the president and directors of the corporation. No such call was ever made; and in the deed of assignment no authority was given to the assignees to make a call; and it is a rule in chancery, well recognized and uncontroverted, that wherever the subscribers fail to pay up their stock, and the officers of the corporation will not make the call, a court of chancery will make it at the instance of any creditor, as was done in this case. When the call was made under the decree in this case, it became a call as effectually as if it were made by the officers of the corporation, who were authorized by the charter to make it. Until this call was made, the statute of limitations did not begin to run.

The result of our deliberations is, that the judgment of the court below is reversed.

Cited for the plaintiff in error : 36 Fed. Rep. 824 ; 80 Ala. 159 ; 60 Md. 95 ; 6 S. E. Rep. 806.

Cited for defendant in error : Thomp. on Stockhold-

ers, §291; 23 Fed. Rep. 695; 17 Wall. 610; 2 Phil. 344; 78 Mo. 482; 101 U. S. 214; 91 *Id.* 46, 56, 65, 95; 95 *Id.* 630; 127 *Id.* 493.

Judgment reversed.