## CANNON *v.* LYNCH.

Where money belonging to the estate of an intestate was, under an order of the court of ordinary, held by the administrator for a considerable time as the distributive share of an absent person who was an heir of the intestate, and subsequently, upon the theory that this person had died before the intestate, this money was paid over to and receipted for by another claiming it as the heir of the intestate, the holding of the person last mentioned was adverse to that of the one for whom the money had been so originally held, and his right to sue therefor was barred after the lapse of four years.

· Argued January 3, — Decided January 26, 1901.

Complaint — certiorari. Before Judge Lumpkin. Fulton superior court. February 5, 1900.

*C. L. Pettigrew* and *J. D. Humphries,* for plaintiff.
*T. A. Hammond* and *Simmons & Corrigan,* for defendant.

LEWIS, J.   Peter Cannon brought suit against Mary F. Lynch, in a justice's court in Fulton county, upon an account for $42.79, the amount of a distributive share of the estate of Patrick Cannon, deceased, father of the plaintiff, which was received by the defend-

ant on January 30, 1891, and which was alleged to belong to the plaintiff. To this suit the defendant, besides the general issue, pleaded the statute of limitations. This plea was sustained by the magistrate, who dismissed the suit, and the plaintiff filed his petition for certiorari to the superior court of Fulton county. Upon the hearing at the fall term, 1899, of that court, the judge granted an order overruling the certiorari, to which the plaintiff excepted, and now brings the case here for review. It appears from the record that Peter Cannon left Atlanta in 1861, and that in 1863 he returned to the home of his parents in that city on a furlough from the Confederate army. He went back to the war during the same year, after which time all trace of him was lost by his family and friends until 1896. In 1870 his father, Patrick Cannon, died, leaving a small estate, and at the June term, 1870, Peter Lynch was appointed his administrator. At the October term, 1874, of that court, an order was passed reciting that the administrator had made final settlement of the estate, with the exception of $157.31, which he had in his hands unclaimed, as the distributive share of Peter Cannon, one of the distributees. The order further directed the administrator to retain this fund in his hands at four per cent. per annum until the same should be called for by Peter Cannon or his legal heirs or representatives, and in case it should appear that Peter Cannon was dead, to pay over the amount to the remaining distributees. It seems that the administrator made final settlement, and was discharged, except as to this share. At the January term, 1891, of the same court, an order was passed reciting the former order; reciting also the absence of Peter Cannon since 1863, and the presumption that he had died before the death of his father, and had therefore never been a distributee of his father's estate; declaring that the fund in the hands of the administrator belonged to the other distributees; directing the distribution of it accordingly; and granting a final discharge to the administrator. The defendant in error, Mary F. Lynch, one of the distributees of Patrick Cannon's estate, after this last order, received of Peter Lynch as administrator $42.79, in full of her distributive share of the estate. Peter Cannon made his appearance in Fulton county in 1896, having been absent, unheard of, for thirty-three years. He brought this suit against Mary F. Lynch in 1899. It does not

appear that he made any demand upon her before the filing of the suit.

We think it very clear that this claim was barred by the statute of limitations. Counsel for plaintiff in error seeks to avoid the statute upon the theory that the defendant below held the money in dispute in trust for the plaintiff, who was the real owner; but the record, instead of indicating any trust relation between the parties, shows that she held adversely to him. She received it from the administrator of the estate of Patrick Cannon as her distributive share of that estate, and did not receive it as the share of Peter Cannon. She took and held it, not as the plaintiff's money or as belonging to his estate, but under an order which declared that the plaintiff had no interest in it. This declaration, it is true, was an error and not binding, but we think it proper to consider it in order to determine whether the defendant took and held the fund in question adversely or as recognizing a trust. We think, therefore, that the court below was right in deciding that, as the plaintiff took the fund adversely, and not in recognition of any existing, valid trust, the action was barred after the lapse of four years.

*Judgment affirmed. All the Justices concurring.*