<em>Judgment reversed. Jenkins, P. J., and Hill, J., concur.</em>

DECIDED FEBRUARY 10, 1922.

Complaint; from city court of Sandersville — Judge Goodwin. May 30, 1921.

*Jordan & Harris,* for plaintiff.

*Evans & Evans,* for defendant.

---

12574. MACDONELL, receiver, v. HINES et al.

STEPHENS, J. 1. This being a suit by a receiver of a corporation against certain subscribers to the capital stock of the corporation, to recover on their contracts of subscription, and it appearing from the petition that the suit was brought after the expiration of six years, and within twenty years from the accrual of the right of action, and it not appearing from the petition whether the contract sued on was a specialty, and therefore not barred by the statute of limitations (Civil Code of 1910, § 4359), or was a simple contract which was barred by the statute of limitations (Civil Code of 1910, § 4361), and applying the rule that pleadings must be construed most strongly against the pleader, the petition was subject to demurrer upon the ground that it appeared upon its face that the contract sued on was not a specialty, and therefore must be regarded as a simple contract, and that the suit thereon, having been brought after six years from the accrual of the right of action, was barred by the statute of limitations.

2. The liability to a corporation by subscribers to its stock does not arise by virtue of any statute, or act of incorporation, or by operation of law, and therefore is not within the terms of section 4360 of the Civil Code (1910), by which a twenty-year period of limitation is fixed for the bringing of " suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation, or by operation of law," but arises out of a contract entered into between the subscribers and the corporation, a right of action upon which, when the contract is not a specialty, is barred after a period of six years from the accrual of the right.

*Morris* v. *Georgia Casualty Co.*, 148 *Ga.* 29 (95 S. E. 969); *Georgia Mfg. & Paper Mill Co.* v. *Amis*, 53 *Ga.* 228.

3. The trial judge therefore did not err in sustaining the demurrer, which was based upon the ground that from the allegations in the petition it appeared that the cause of action alleged was barred by the statute of limitations. *Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 10, 1922.

Complaint; from Chatham superior court — Judge Meldrim. April 1, 1921.

*George H. Richter,* for plaintiff.

*Max L. McRae, E. K. Wilcox, E. D. Graham,* for defendant.