16796.    PEARCE *v.* BENNETT, superintendent, etc.

BELL, J. 1. As to banks incorporated under the act of 1893 and the laws amendatory thereof (Ga. L. 1893, p. 70; Ga. L. 1895, p. 55), it is provided that "the board of directors shall have power to prescribe how, and in what sums, and at what times and places any unpaid part of the capital stock shall be paid in; and in the event any stockholder shall fail or make default for sixty days to pay any call regularly made in his subscription to stock, the directors may direct suit to be brought against him forthwith for the amount of such call." Civil Code (1910), § 2268.

2. Where a subscriber for stock in such a bank had paid his pro rata of the minimum amount required to be paid in before the filing of the application for charter (see Civil Code, § 2269), and the subscription contract did not provide otherwise, the remainder of his subscription was not due until the directors called for its payment, and the statute of limitations did not begin to run in his favor as to the unpaid installment until such condition was complied with. Compare *Macon & Augusta R. Co.* v. *Vason,* 52 *Ga.* 326; *Cherry* v. *Lamar,* 58 *Ga.* 542; *Branch* v. *Augusta Glass Works,* 95 *Ga.* 573 (3, 5) (23 S. E. 128); *Glenn* v. *Howard,* 81 *Ga.* 383 (8 S. E. 636, 12 Am. St. R. 318); *North & South Street R. Co.* v. *Spullock,* 88 *Ga.* 283 (14 S. E. 478); *South Ga. & Fla. R. Co.* v. *Ayers,* 56 *Ga.* 231 (4); *Crawford* v. *Roney,* 126 *Ga.* 763 (2) (55 S. E. 499); *Crawford* v. *Roney,* 130 *Ga.* 515 (61 S. E. 117).

(*a*) This case is distinguished from those in which the subscriptions were for stock in corporations other than banks and there was nothing in the subscription contracts or in the charters providing that the amounts subscribed should not become due and payable at once. See *Ga. Mfg. &c. Co.* v. *Amis,* 53 *Ga.* 228; *Morris* v. *Ga. Casualty Co.,* 148 *Ga.* 29 (95 S. E. 969); *McDonnell* v. *Hines,* 28 *Ga. App.* 197 (2) (110 S. E. 505).

---

Banks and Banking, 7 C. J. p. 494, n. 91 New.
Limitation of Actions, 37 C. J. p. 962, n. 10.

(b) In the present case it is unnecessary to decide whether the statute would begin to run from the date of the call or from the expiration of the period of sixty days referred to in the Civil Code, § 2268.

3. This being a suit for an unpaid balance of a subscription for stock in a bank incorporated in 1918, the action, under the above rulings, was unaffected by the statute of limitations. There was no error in the court's judgment.

> Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.
>
> DECIDED MAY 14, 1926.

Complaint; from Harris superior court—Judge Roop presiding. August 20, 1925.

*W. Howell Morrow*, for plaintiff in error.

*Luther Roberts, J. R. Lunsford*, contra.