## 33594. HASWELL *v.* HASWELL.

WORRILL, J.: O. W. Haswell sued O. R. Haswell for $360, alleged to be due under the following contract, a copy of which was set out as an exhibit to the petition. "Georgia—Dade County. This agreement entered into this the 18th day of March, 1941. The following, O. W. Haswell, O. E. Haswell, Mrs. Irene Veal Brannon daughter of Mrs. Annie Veal, Mrs. Ella Haswell Davis and Mrs. Irene Haswell Burrell agree to divide the property—there being two farms—in 6 parts by putting the numbers of each part in a hat and then drawing from the hat. If in drawing some one draws a number that one of the other live on they get four acres where they live and other party get four acres of the lot .where party lives. Each agree to give O. W. Haswell their note for $360, these notes to be seal notes for five years—each agree that they all have free rights to the two springs each of the six heirs agree to pay their part of present indebtedness. O. W. Haswell. O. E. Haswell. O. R. Haswell.

Mrs. Irene Veal Brannon. Ella Haswell Davis. Mrs. Irene Haswell Burrell. Witness by Winnie Baron Wall. W. G. Cole, Notary Public." It was alleged in the petition that the defendant had failed to execute to the petitioner the note referred to in the agreement, "although he recognized the validity of and ratified said agreement by participating in a division of their said property and accepting and executing deeds and conveyances in accordance therewith." The record shows that the petition was filed on July 15, 1947. The trial court sustained a demurrer to the petition and dismissed it on the ground that the petition, together with the exhibit thereto attached, showed on its face that it was barred by the statute of limitations. The exception here is to that ruling. *Held:*
Assuming that the instrument sued upon was a binding and enforceable contract for the payment of money, no time was specified therein as to when performance was due thereunder. Under such circumstances, performance was due and a right of action, if any, thereon accrued immediately upon the signing thereof by the parties. *Georgia Mfg. & Paper Mill Co.* v. *Amis,* 53 *Ga.* 228; *Morris* v. *Georgia Casualty Co.,* 148 *Ga.* 29 (95 S. E. 969); *McDonell* v. *Hines,* 28 *Ga. App.* 197 (2) (110 S. E. 505). The petition shows that the instrument sued on was executed by the parties on March 18, 1941, and that suit was filed on July 15, 1947, more than six years after the right of action accrued thereon. Such being the case, the action was barred by the statute of limitations. Code, § 3-705. The allegations of the petition set out, by way of inducement or explanation, the situation as it existed between the plaintiff and the defendant on May 18, 1941, and under such situation as it existed prior to and on May 18, 1941, there was an obligation enforceable against the defendant; and on May 18, 1941, the defendant in a writing dated that day (which writing was attached to the petition as an exhibit) acknowledged this obligation of the defendant to be $360 which was due to be paid the plaintiff; and on that date in the same written paper, it was agreed that, if the defendant would give his sealed note for five years, the date of the existing obligation would be extended for five years. The defendant did not give such note and the plaintiff on July 15, 1941, filed suit against the defendant on this indebtedness. Since the note was not executed, nothing extended the indebtedness, and it was barred by the statute of limitations and is not enforceable. It follows that the trial court did not err in sustaining the demurrer and in dismissing the petition on the ground that the action was barred by the statute of limitations.
This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. L., 1945, p. 232).
*Judgment affirmed. Sutton, C. J., and MacIntyre, P. J., concur. Felton and Gardner, JJ., dissent. Townsend, J., disqualified.*
FELTON, J., dissenting. I think that it is necessarily implied in the written instrument that the acts agreed to be performed were to be performed simultaneously. The notes were to be executed when the lots were drawn and the deeds executed. The petition does not show on its face when the deeds were executed, and therefore does not show on its face that the action is barred by the statute of limitations. I express no opinion on the ruling on the general demurrer.
I am authorized to state that Gardner, J., concurs in this dissent.

DECIDED OCTOBER 4, 1951.

*McClure, Hale & McClure,* for plaintiff.
*Gleason & Painter, A. W. Cain Jr.,* for defendant.