51437, 51438. DANIEL & DANIEL, INC. v. COSMOPOLITAN COMPANY et al. (two cases).

CLARK, Judge.

Can the lack of venue as against an original defendant be cured by the joinder of a new party defendant? That is the principal question presented in this appeal from the grant of motions to dismiss for lack of venue.

Daniel & Daniel, Inc. filed a lien foreclosure action against the Cosmopolitan Company (Cosmopolitan) in DeKalb County, the complaint reciting defendant to have its principal place of business in that county.

Cosmopolitan answered pleading inter alia, a want of venue defense. Subsequently plaintiff moved to add Utica Mutual Insurance Company (Utica), a foreign corporation which maintained an office and transacted business in DeKalb County, as a party defendant. This motion was not served upon Cosmopolitan. Nevertheless, plaintiff's motion to join Utica was granted. The complaint as amended alleged the two defendants (Cosmopolitan and Utica) were jointly and severally obligated to plaintiff upon a bond which defendants had filed to release the real estate from the recorded lien as provided by Code Ann. § 67-2004.

Cosmopolitan and Utica filed separate motions to dismiss the suit for improper venue. Evidence introduced in support of these motions established that with regard to the original defendant, Cosmopolitan, DeKalb County venue was improper. However, venue in DeKalb County was proper as to the added defendant, Utica.

This appeal is taken by the plaintiff from the grant of these motions to dismiss.

1. Plaintiff contends the trial court erred in granting the motion to dismiss inasmuch as venue can be validated by the joinder of a new party. We agree.

In *Martin v. Approved Bancredit Corp.,* 224 Ga. 550 (163 SE2d 885), plaintiffs brought suit against a domestic and foreign corporation in Hall County. Venue was improper in Hall County with regard to each corporate defendant. Thereafter, an amendment was filed naming the foreign corporation's attorney in fact, a Hall County resident, as a defendant. The corporate defendants raised pleas to the jurisdiction which the trial court sustained. Although the Supreme Court affirmed, it did so on the ground that plaintiffs failed to set forth facts which would render the foreign corporation and its Hall County attorney in fact joint tortfeasors. Thus, an implicit part of the court's decision was the principle that venue can be validated by joinder.

Logic compels this court to hold explicitly that venue may be perfected by the proper addition of a party defendant. Although venue was initially lacking as to defendant Cosmopolitan, it was proper with regard to defendant Utica. Under our Constitution (Code § 2-4904)

an action may be obtained against joint obligors residing in different counties in the county of residence of either. Thus, an action against Cosmopolitan can be maintained in DeKalb County if Utica is made a party to the action. Inasmuch as plaintiff did join Utica as a party defendant, venue in DeKalb County is proper.

The mere fact that Utica was added after suit was filed is immaterial. Venue requirements have been met. See generally Wright & Miller, Federal Practice and Procedure: Civil § 3608, wherein it is observed that federal diversity jurisdiction is often obtained by dropping a non-diverse party after suit has been instituted.

2. Relying upon *Humble Oil v. Fulcher,* 128 Ga. App. 606 (197 SE2d 416), defendants argue that since plaintiff's motion to join Utica was not served upon Cosmopolitan, Utica was not a proper party defendant. Thus, defendants contend, venue must fail. We cannot accept this thesis.

The failure to notify existing parties of a motion to add new parties is an amendable defect; and it cannot justify the ultimate dismissal of an action. See Orloff v. Hayes, 7 FRD 75, 76 (S. D. N. Y. 1946). Thus, the mere fact that Cosmopolitan was not notified of plaintiff's motion to join Utica does not render Utica an improper party defendant. And in the absence of a showing that Utica is not a proper party, venue in DeKalb County is appropriate.

*Judgments reversed. Pannell, P. J., and Quillian, J., concur.*

ARGUED NOVEMBER 4, 1975 — DECIDED JANUARY 9, 1976 —
REHEARING DENIED JANUARY 27, 1976 — 

*Richardson, Chenggis & Constantinides, Thomas H. Knuth,* for appellant.

*Schwall & Heuett, Donald J. Goodman,* for appellees.