## 58914, 59211. C & S LAND, TRANSPORTATION & DEVELOPMENT CORPORATION et al. v. YARBROUGH et al.; and vice versa.

BIRDSONG, Judge.

This rather convoluted case involves a dispute between 28 minority stockholders and the parent corporation, as well as an incidental dispute between one of the ex-officers of the corporation and the same stockholders.

On September 23, 1973, the appellees in Case No. 58914 (Yarbrough et al.), as minority stockholders brought a derivative action against C & S Land, Transportation and Development Corp. (C & S), its predecessor corporations, and the officers and agents of C & S (appellants), alleging that specified wrongful conduct of the corporate agents and officers deprived the corporation of assets and sought an accounting and restraining order against further disposition of corporate assets. Two and one-half years later, on March 24, 1976, the appellee stockholders filed an amendment (Count 3) adding an allegation that certain corporate officers or agents had sold securities following improper sales procedures and demanded the return of the money invested; this amendment constituted a personal action in addition to the derivative action brought in September, 1973.

C & S owned tracts of land in Pike County, at least one of which was subject to indebtedness and a security deed held by one Grubbs. The Grubbs' property became in jeopardy of foreclosure. On May 7, 1974, Ruth Smith (one of the corporate appellants) borrowed $41,791.15 from the Clayton County Bank, pledging $45,000 of her own certificates of deposit as collateral. Smith made the $41,791.15 available to C & S, apparently on May 7, 1974, by making on behalf of C & S a loan payment to Grubbs. By action of other corporate officers, C & S, in February, 1975, finally acknowledged the indebtedness and pledged repayment of the $41,791.15 to Smith out of the proceeds of the sale of the Grubbs' property. Subsequently, the security deed and mortgage did come into default and on September 3, 1974, Grubbs foreclosed. The sale of the

property resulted in surplus funds in the amount of $46,522.13 which was paid into the registry of the court. On February 20, 1976, the Clayton County Bank, with the consent of Mrs. Smith cashed the $45,000 in certificates of deposit in repayment of the bank's loan to Mrs. Smith. On July 14, 1978, Mrs. Smith filed a counterclaim to appellees in the derivative suit seeking the payment of her creditor rights in the $46,522.13 paid into the registry of the court resulting from the foreclosure and sale of the Grubbs' property.

The appellees (Yarbrough et al.) filed a motion to dismiss the cross complaint (Smith's attempt to recover her $41,791.15) on the ground that the action was barred by the statute of limitation. The trial court granted the stockholders' motion to dismiss Mrs. Smith's cross complaint on that ground. It is that dismissal that forms the enumerations of error in Case No. 58914.

In Case No. 59211, the corporate officers of C & S filed a motion to dismiss Count 3 of the stockholders amended complaint on the grounds that Count 3 added new parties plaintiff (converting the action from a derivative minority stockholders' action to a personal action of the stockholders) without first obtaining an order of court allowing such an amendment. The trial court, holding that the amended complaint did add a new cause of action and new parties plaintiff without obtaining the consent of the court, dismissed Count 3 of the stockholders' complaint. The stockholders, as cross appellants, bring their appeal in Case No. 59211 enumerating as error the dismissal of Count 3 of their complaint. *Held:*

1. Though two separate appeals are here involved, each appeal arises out of the same litigation. We will, therefore, treat the appeals as one case and dispose of both appeals in one opinion.

2. In Case No. 58914 (the dismissal of Mrs. Smith's cross complaint), we affirm. The crux of the stockholders' motion to dismiss is that the cause of action arose when Mrs. Smith paid Grubbs on behalf of C & S the $41,791.15 on May 7, 1974. It is not disputed that the statutory period of limitation on actions of an oral contractual nature is four years (Code Ann. § 3-711). Mrs. Smith did not file her counterclaim until July 14, 1978, four years and two

months after the loan was made. Mrs. Smith had, on June 6, 1978, filed a "claim" for the $41,791.15 with the superior court which was holding the $46,522.13 in its registry as a result of the surplus funds emanating from the foreclosure sale of the Grubbs property. But even if we consider a "claim" filed with the court as a cause of action, the June filing is over a month beyond the allowable four-year period.

Mrs. Smith attempts to avoid the consequences of the belated filing by arguing that her cause of action did not accrue until the board of directors and other officers of C & S acknowledged the debt and agreed that it would be repaid out of the proceeds of the sale of the Grubbs' property as reflected in the minutes of a meeting of the corporation on February 26, 1975, a date well within the four-year period. There is no contention that this acknowledgement was precipitated by a demand. The mere written acknowledgement of the indebtedness by the corporation and an indication of its preferred method of repayment did not create the debt or its due date. The obligation came in existence on May 7, 1974, admittedly by an oral agreement. The corporate officers admit that the payment to Grubbs by Mrs. Smith on May 7, 1974, was at the request of and in behalf of the corporation. The debt was therefore acknowledged, but its terms are not elucidated. On the basis of the record before us we conclude the trial court was correct in concluding that the debt was incurred on May 7, 1974, and nothing being indicated to the contrary, was payable immediately subject to the ability of the corporation to repay it. The counterclaim being filed over four years after the cause of action accrued, the trial court did not err in granting the stockholders' motion to dismiss the complaint as being barred by the statute of limitation. See *Higginbotham v. Adams,* 192 Ga. 203, 209 (2) (14 SE2d 856); *Cannon v. Lynch,* 112 Ga. 660, 662 (37 SE 858).

3. In Case No. 59211, the stockholders (Yarbrough et al.) bring their cross appeal enumerating as error the grant by the trial court of a motion by one of the cross appellees (Jim Dailey, the present husband of Ruth Smith) to dismiss Count 3 of the amended complaint based upon the ground that the stockholders did not first obtain the

consent of the trial court allowing the new count.

This involves an interpretation of Ga. L.1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694 (Code Ann. § 81A-115), § 15 of the Civil Practice Act. In pertinent part, § 15(a) provides that a party may amend his pleadings as a matter of course and without leave of court at any time before the entry of a pretrial order. It is not disputed that a pretrial order was not entered prior to the amendment by the stockholders adding Count 3.

As correctly pointed out by Dailey (cross appellee) the original action filed by the stockholders was a derivative action on behalf of the corporation. This complaint consisting of two counts was filed on September 28, 1973, and recounted numerous alleged acts of fiduciary, financial misconduct by several defendant corporate officers and agents, allegedly resulting in loss of corporate assets. On May 24, 1976, the stockholders filed an amendment to their original complaint asserting therein that the same corporate officers and agents or certain of them, misrepresented the corporation, its prospectus, and its future prospects, and acted as sellers of the corporate ownership securities without being properly registered. Because of these malfeasances, the stockholders sought a return of their investment. Again, as properly pointed out by the corporate defendant officers, this amounted to a change in the capacity of the parties, i.e., from derivative capacity on behalf of the corporation to a personal action whereby the stockholders sought to recover personally from the corporation their investment. This also constituted a new form of action, for Count 3 complains of conduct by the officers and agents of the corporation not contained in the original two counts of the stockholders' complaint.

Relying primarily on *Pickett v. Paine,* 230 Ga. 786, 792 (199 SE2d 223) and *Parnelle v. Cavanaugh,* 191 Ga. 464, 465 (12 SE2d 877), Dailey contends that the complaints in Counts 1 and 2 are derivative and in behalf of the corporation whereas Count 3 is personal, against the corporation and in favor of the minority stockholders. It is argued that this constitutes a suit by the plaintiff stockholders against themselves as representatives of the corporation. While we agree that the *Parnelle* case, supra,

holds that a party may not sue himself, we do not agree with the conclusion advanced by Dailey. As minority stockholders, the cross appellants have a derivative interest in any recovery accruing to the corporation. Thus a recovery by the corporation from its agents or officers, though directly benefiting the corporation, also ultimately benefits the stockholders. However, this issue has no effect on whether the corporation through its officers or agents misrepresented the corporation so as to work an injustice or fraud on its stockholders in the sale of its certificates of ownership. The recovery or failure of recovery by the corporation of its assets based upon the malfeasance of its corporate officers and agents is not inextricably related to and does not terminally infect the right of the minority stockholders to sue the corporation for return of their investment because of the malfeasance of the same officers and agents, though it might affect the amount of any eventual recovery. To give substance to such an argument, we conclude, would do violence to the right of a plaintiff to seek inconsistent remedies until complete satisfaction is obtained. *D. H. Overmyer Co. v. Kapplin,* 122 Ga. App. 51 (1) (176 SE2d 207); *Bacon v. Winter,* 118 Ga. App. 358 (3) (163 SE2d 890).

Dailey's principal argument and the basis of the court's ruling was that in contravention of Ga. L. 1966, pp. 609, 632 (Code Ann. § 81A-121), CPA § 21, the stockholders did not obtain the consent by order of the court of the right to add the new action or add themselves as personal parties to the controversy. Dailey relies on the holding to that effect in *Robinson v. Bomar,* 122 Ga. App. 564, 566-567 (177 SE2d 815). See also *Thomas v. Jackson,* 238 Ga. 90, 94 (231 SE2d 50); *Clover Realty Co. v. Todd,* 237 Ga. 821, 822 (229 SE2d 649). An examination of those cases, however, reveals a significantly different substitution or addition of parties. *Robinson v. Bomar,* at p. 567 holds: "The adding or dropping of parties requires the exercise of a discretion by the court, and, without the requirement that leave of court be obtained in doing so, there could be no exercise of discretion. It is important that the status of parties not be altered or changed save under the supervision of the court." In that case Bomar's "status" was changed from a third-party defendant to a principal

defendant without leave of court. The third-party plaintiff had dropped his suit against Bomar so that at the time she was added as a principal defendant she was no longer a party to the suit in any capacity. In the *Clover* case, Clover attempted to add a new party several years after the original filing of the suit. In *Thomas,* there was a belated attempt to change a party defendant to a party plaintiff.

In the instant case, the style of the case filed in 1973 by the stockholders listed 28 plaintiffs and 14 defendants. The amendment filed in 1976, listed the same 28 plaintiffs and 14 defendants, as did the counterclaim filed by Mrs. Smith (now Dailey) in 1978. Thus it can be hardly argued with any real merit that the parties to the case have changed at any time. In fact both the cross appellants and cross appellees acknowledge that what is involved is a change in the capacity of the parties plaintiff. The stockholders had a beneficial interest in the legality of the issuance of the stock certificates which at least equalled their interest in the maintenance and preservation of the corporate assets. Whether derivatively or directly involved as plaintiffs, the stockholders hold beneficial interests in both the original counts and the amended count. It follows that a "new" party has not been added nor has a party plaintiff changed "status" to a party defendant. "The new action question has arisen frequently in cases involving a change in the capacity of the plaintiff or the substitution of different parties. *An amendment changing the capacity in which the plaintiff brings the action is permissible even after the statute of limitations has run, and since such amendment does not change the parties before the court, it should be liberally granted."* Atlanta Newspapers v. Shaw, 123 Ga. App. 848, 852 (182 SE2d 683). There being no "new" party added as such, there was no need for the trial court to read and apply CPA § 21 in pari materia with CPA § 15.

Still for resolution is whether the amendment is subject to the statute of limitation because a new cause of action was stated. The corporate officers argue that the misrepresentations of the agents of the corporation amount to a tort and because the amendment to the original complaint was filed more than two years after the sale of the securities, the amendment is barred. We reject

the argument because it is based upon a faulty predicate. It is the law of this state that the rights and liabilities existing between a corporation and its stockholders arise "out of a contract entered into between the subscribers and the corporation, a right of action which . . . is barred after a period of six years from the accrual of the right." *MacDonell v. Hines,* 28 Ga. App. 197 (2) (110 SE 505). See *Morris v. Georgia Cas. Co.,* 148 Ga. 29 (95 SE 969). See also Ga. L. 1968, pp. 565, 610; 1969, pp. 152, 167 (Code Ann. § 22-601(e)). The parties do not seriously contest the right of the stockholders to amend their pleadings without consent of the court under CPA § 15 (a) assuming no limitations thereon based upon a change of parties or a new cause of action barred by the statute of limitation. The amendment in this case was filed well within six years of the accrual of the action. We have previously held that the amendment did not involve the adding of a "new" party.

Based upon the foregoing, it follows that the trial court erred in striking and dismissing Count 3 of the stockholders' complaint either for failure to obtain permission of the court to add a new cause of action or because the stockholders changed their capacity as plaintiffs as opposed to adding new parties or changing their status from plaintiff to defendant.

*Judgment affirmed in Case No. 58914; judgment reversed in Case No. 59211. Quillian, P. J., and Carley, J., concur.*

ARGUED NOVEMBER 20, 1979 — DECIDED FEBRUARY 13, 1980 — REHEARING DENIED FEBRUARY 28, 1980 IN CASE NO. 58914.

*Arthus P. Tranakos, Laurin M. McSwain, George A. Ohanlon,* for appellants.

*George N. Sparrow, Jr.,* for appellees.