**Leland D. PALMER, Plaintiff,**

v.

**W. Harold NEAL, Defendant.**

**Civ. A. No. C83–1694A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

March 20, 1984.

Thomas J. Knight, Anniston, Ala., and Ray L. Weber, Akron, Ohio, for plaintiff.

Van C. Wilks, Carrollton, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

Plaintiff has brought this action seeking damages for defendant's alleged fraud and breach of contract. Jurisdiction is predicated upon diversity of citizenship, 28 U.S.C. § 1332. Pursuant to this court's order of December 19, 1983, the case has been resubmitted on defendant's motion for judgment on the pleadings. In addition, defendant has now moved for an enlargement of the discovery period.

### FACTS

On a motion for judgment on the pleadings the moving party concedes, for the purpose of the motion only, the accuracy of the well-pleaded factual allegations of his/her adversary's pleadings. In addition,

the factual allegations of the answer are taken as true where and to the extent that they have not been denied or do not conflict with those of the complaint. *Stanton v. Larsh*, 239 F.2d 104 (5th Cir.1956). The following recital of facts is taken, therefore, from plaintiff's complaint and, where appropriate, from defendant's answer.

In July 1977 plaintiff and defendant entered into a partnership agreement to manufacture and sell protective spraying equipment. The parties agreed that plaintiff would be a 10% owner of the partnership and defendant a 90% owner. In September 1977 defendant incorporated the partnership and plaintiff was given an oral assurance[1] that he would be given 10% of the stock of the corporation. The assets of the partnership were used as capitalization for the corporation. Plaintiff has never received any stock in the corporation.

In March 1978 plaintiff and defendant entered into an oral agreement to invent and construct an apparatus (ultimately known as "Mobile Apparatus for Spraying Protective Coatings"). By the terms of the agreement, each would be a joint owner of any resulting patent. The parties did develop the apparatus and they completed an application for a patent, declaring themselves to be joint inventors. Plaintiff and defendant worked closely with their patent attorney, Robert Linne, and they requested that he file their application.

On August 24, 1978, plaintiff ended his association with the defendant "due to misunderstandings and difficulties which had developed between the parties" (Plaintiff's Complaint, ¶ 9). After ending his association with defendant, plaintiff became an employee of a company which shortly thereafter became a direct competitor of defendant's company. (Defendant's Answer, ¶ s 4, 9, 14 and 19). One day after plaintiff left, defendant executed a new patent application declaring himself to be the sole inventor of the apparatus. Plaintiff has never executed nor signed any

document assigning his ownership of the patent to any person. On January 19, 1982, a patent for the apparatus was issued solely to defendant. In May 1982 plaintiff first learned that defendant had caused the application to be filed in his name.

On August 11, 1983, plaintiff filed the present action alleging fraud and breach of contract. Defendant, on September 30, 1983, moved for judgment on the pleadings and for the taxation of attorney's fees to plaintiff and/or plaintiff's counsel. By order dated December 19, 1983, this court directed the parties to submit additional briefs addressing specific questions raised by the motion. The parties have now filed their additional briefs and upon consideration of the briefs, the court, for the reasons stated hereinafter, GRANTS defendant's motion for judgment on the pleadings. Because of this ruling the court need not consider defendant's motion for an enlargement of the discovery period.

## DISCUSSION

Plaintiff has brought his complaint in three counts, Count One alleges fraud, Count Two and Three allege breach of contract. As in the earlier order the court will consider the counts separately.

### I. *Count One*

Plaintiff initially asserted that the allegations of Count One support a cause of action for fraud. In its December order this court held that plaintiff had failed to allege the essential elements of a fraud action in Count One. Rather than dismissing Count One, however, the court directed the parties to brief three issues in this regard: (1) what, if any, cause of action does the first count establish; (2) what is the applicable statute of limitation for such action; and (3) should such statute be tolled under a theory of fraudulent concealment.

In his supplementary brief plaintiff continues to argue that Count One establishes fraud. Again the court rejects

---

1. Defendant's Answer (¶ s 4, 14 and 19) alleges that any agreements were oral; this allegation does not conflict with any of plaintiff's assertions and is, therefore, taken as true for the purpose of this motion.

this theory; plaintiff has simply failed to allege the elements which would give rise to a cause of action for fraud by defendant *on plaintiff.* Most notably, plaintiff has failed to allege any misrepresentations made by defendant to plaintiff.[2] The fact that defendant may have perpetrated a fraud on the United States Patent Office, by failing to name all inventors, may give rise to an action by the Patent Office.[3] However, absent any misrepresentations (either by words or acts) to plaintiff, or reliance thereon, plaintiff does not have a cause of action for fraud.

In his supplementary brief plaintiff has also asserted that Count One establishes a cause of action for conversion of plaintiff's property interest in the patent. The court need not decide the merits of this argument; even if plaintiff has stated a cause of action for conversion, such action is barred by the applicable statute of limitation.

█ The applicable statute of limitation for an action in trover to recover for wrongful conversion is four years from the date the cause of action arose. Ga. Off'l Code Ann. § 9–3–32 (1982). The cause of action arose on September 14, 1978, the date on which the patent application was filed in the Patent Office, absent plaintiff's name. The proscribed period clearly expired before plaintiff instituted suit on August 11, 1983. The issue, therefore, is whether the statute of limitation was tolled by fraud on the part of the defendant.

Ga. Off'l Code Ann. § 9–3–96 (1982) provides that "[i]f the defendant ... [is] ... guilty of fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of plaintiff's discovery of the fraud." In this regard plaintiff contends that defendant acted fraudulently by failing to inform plaintiff that he (defendant) had applied for the patent in his name only.

█ As this court made clear in its December order, only actual fraud (i.e., involving moral turpitude)[4] will toll the statute of limitation. *Shipman v. Horizon Corp.,* 245 Ga. 808, 267 S.E.2d 244 (1980). Concealment can prevent the running of the statute of limitation but the concealment must be by a positive act; mere silence is not sufficient to toll the statute. "[T]here must be something more than a mere failure, with fraudulent intent, to disclose such conduct, *unless there is on the party committing such wrong a duty to make a disclosure thereof* by reason of facts and circumstances, or the existence between the parties of a confidential relation." *Id.* at 809, 267 S.E.2d at 246 (emphasis added) (citing *American Nat'l Bank v. Fidelity & Deposit Co.,* 131 Ga. 854, 68 S.E. 622 (1908)). The issue, therefore, is whether defendant had any duty to disclose his actions to plaintiff. It was this issue upon which the court requested further briefing.

**2.** The situation would be entirely different if plaintiff had alleged, for instance, that at the time defendant agreed that the parties would apply as joint inventors defendant had no intention of doing so. This could constitute a misrepresentation to plaintiff and thereby establish a cause of action for fraud.

**3.** The Patent Office can bring suit to cancel the patent due to fraud. *United States v. Bell Tel. Co.,* 128 U.S. 315, 9 S.Ct. 90, 32 L.Ed. 450 (1888). However, no private right of action exists against a patentee for fraudulent procurement of a patent. *United States v. Pfizer Inc.,* 560 F.2d 323, 193 U.S.P.Q. 530 (8th Cir.1977). A private party may bring an antitrust action based on fraudulent procurement *if* the plaintiff can establish the elements of a violation of § 2 of

Sherman Act. *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.,* 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965). Although the present plaintiff is requesting treble damages there have been no allegations of monopolization as required by *Walker.*

**4.** "a) Fraud may be actual or constructive.
b) Actual fraud consists of any kind of artifice by which another is deceived. Constructive fraud consists of any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another.
c) Actual fraud implies moral guilt; constructive fraud may be consistent with innocence."
Ga. Off'l Code Ann. § 23–2–51 (1982).

■ In response to the court's request for further briefing plaintiff argues that a fiduciary relationship existed between the parties and that, therefore, defendant was under a duty of disclosure to plaintiff. This court does not agree. Assuming, *arguendo*, that a fiduciary relationship did exist during the term of the partnership, such relationship was clearly terminated when plaintiff ended his association with defendant on August 24, 1978. This conclusion is supported by plaintiff's statement that the association ended "due to misunderstandings and difficulties which had developed between the parties." (Plaintiff's Complaint, ¶ 9). The only concealment which plaintiff alleges as a basis for tolling was defendant's failure to disclose that he (defendant) had filed an application in his sole name. At the time defendant failed to disclose this fact he had no duty of disclosure because any possible fiduciary relationship had ended. For this reason there is no basis for tolling the statute of limitation.

## II. *Count Two*

■ In Count Two plaintiff alleges that defendant breached an oral agreement, made on or about September 1977, to provide plaintiff with 10% of the stock of the corporation known as Neal Manufacturing, Inc. Defendant, conceding only for this motion that such an agreement existed, contends that the statute of limitation has run on this cause of action. Ga. Off'l Code Ann. § 9-3-25 (1982) provides a four year statute of limitation on actions for breach of an oral contract.

In determining whether the statute of limitation provides a bar to this action the court must decide when the statutory period began to run. Plaintiff's complaint makes no reference to a date by which plaintiff was to receive such stock and, as plaintiff points out, a corporation can issue stock at any time. For this reason the court directed the parties to brief the following issue: as of what date does a cause of action accrue on a debt that is not payable upon a specified date.

Plaintiff asserts that no cause of action accrues until a denial of the obligation is made by the debtor (here, the date defendant filed his answer—September 6, 1983). In contrast, defendant contends that the cause of action accrues when the debt arises, in this case September 1977.

The cases cited by defendant are persuasive authority for defendant's proposition. In *Teasley v. Bradley*, 110 Ga. 497, 35 S.E. 782 (1900) the plaintiff loaned her brother-in-law money; there was no written evidence of the transaction and no agreement as to the time of repayment. The defendant raised the defense of the statute of limitation. After trial the defendant alleged error in a jury charge that stated that the statute of limitation did not run until a demand was made for the money. The Supreme Court of Georgia reversed, holding that the charge was error and that the statute of limitation began to run immediately when the loan was made.

Citing *Teasley*, the Georgia Court of Appeals, in *Mallin v. Spickard*, 103 Ga.App. 562, 120 S.E.2d 128 (1961), held that money loaned pursuant to an oral contract containing no agreement as to the time of repayment was due immediately, and that the statute of limitation period began to run at once against the promisee.

In a case extremely similar to the present case, *Haswell v. Haswell*, 84 Ga. App. 651, 67 S.E.2d 148 (1951), the Court of Appeals reached the same decision regarding the statute of limitation. In *Haswell* plaintiff sued on a written contract under which defendant was to execute his note for $360 to plaintiff. Plaintiff alleged that defendant had failed to execute any note. Assuming that the instrument was a binding, enforceable contract the court noted that "no time was specified therein as to when performance was due thereunder. Under such circumstances, performance was due and a right of action, if any, thereon accrued immediately upon the signing thereof by the parties." *Id.* at 652, 67 S.E.2d at 149.

In the present case this court holds that, as no time was set for performance, the

cause of action accrued at the date of the oral agreement, September 1977. Any action on this agreement is barred by the four year statute of limitation.

### III. *Count Three*

 In Count Three plaintiff alleges that defendant breached an oral agreement which provided that plaintiff and defendant would be joint owners of any patent issued for the apparatus. Again, because this agreement was oral, Ga. Off'l Code Ann. § 9–3–25 (1982) is the applicable statute of limitation and four years is the proper statutory period. Any breach of this agreement by the defendant occurred on August 25, 1978, when defendant executed the patent application naming himself as sole inventor. Clearly four years elapsed before plaintiff instituted suit. The issue here, as in Count One, is whether the statute of limitation was tolled by fraud on the part of the defendant. For the reasons stated in the discussion of Count One, supra pp. 885–886, this court holds that the statute of limitation was not tolled and that, therefore, plaintiff's claim under Count Three is barred by the four year statute of limitation.

### IV. *Attorney's Fees*

In his motion for judgment on the pleadings defendant requests an award of attorney's fees. The general rule in regard to attorney's fees is that they are not taxable as costs. One clear exception to this rule is when a statute authorizes an award of fees. Because defendant has cited no statutory basis for an award in this case the court must conclude that defendant is relying on the "bad faith" exception to the general rule. Under this theory courts have assessed fees when the litigation was perceived as having been brought in bad faith. The fact that this court has held that plaintiff's claims are barred by the statute of limitation does not require a finding that plaintiff instituted suit in bad faith. Defendant's request is DENIED.

In summary, the court:

1) GRANTS defendant's motion for judgment on the pleadings as to all counts of plaintiff's complaint;

2) DENIES defendant's motion for attorney's fees; and

3) Does not reach defendant's motion for extension of the discovery period.

The court's action terminates this case.