A90A1023. SLATER v. BRIGADIER HOMES, INC. et al.
(400 SE2d 338)

CARLEY, Chief Judge.

The facts, insofar as they are relevant to this appeal, are as follows: Appellant-plaintiff originally filed an action against appellee-defendant Brigadier Homes, Inc. (Brigadier) and Country Squire Mobile Homes, Inc. (Country Squire). Although Brigadier and Country Squire both answered, only Brigadier raised the defense of insufficiency of service of process and moved to dismiss on that ground. The trial court entered an extensive order which concluded that service of process on Brigadier was legally insufficient and which explicitly dismissed Brigadier as a party to the case. Thereafter, appellant filed an amended complaint and had Brigadier served with a copy. Brigadier answered the amended complaint and asserted, among its other defenses, that it had not been "properly added as a defendant to this action." Brigadier subsequently moved that the amended complaint be dismissed as against it, on the ground that appellant had "improperly attempted to add [it] as a defendant . . . without obtaining prior approval from the court to do so." The trial court granted Brigadier's motion but certified its order for immediate review. We granted appellant's application for an interlocutory appeal from the trial court's order granting Brigadier's motion to dismiss.

When the trial court granted Brigadier's original motion to dismiss for insufficiency of service of process, the action remained pending as between appellant and Country Squire. Although this grant of Brigadier's original motion to dismiss may not have been final, it was nevertheless controlling unless and until it was subsequently revised by the trial court. No such subsequent revision of that order of dismissal was ever made. Thus, at the time of the filing of appellant's amended complaint, Brigadier was *not* a party to this lawsuit. Accordingly, a binding precedent of the Supreme Court of Georgia is

controlling in the instant case: "[Appellant] contends correctly that [OCGA § 9-11-15 (a)] allows amendment as a matter· of right before entry of a pre-trial order. Where, however, a party seeks to *add a new party* by amendment, as does [appellant] here, [OCGA § 9-11-15 (a)] must be read in pari materia with [OCGA § 9-11-21], which allows the dropping and adding of parties only '*by order of the court* on motion of any party.' Since no such motion or leave of court was granted in this case, the trial court properly granted [Brigadier's] motion to dismiss." (Emphasis in original.) *Clover Realty Co. v. Todd,* 237 Ga. 821, 822 (229 SE2d 649) (1976).

Although any decision rendered by this court which is inconsistent with the controlling authority of *Clover Realty Co. v. Todd,* supra, must be overruled, *Daniel & Daniel v. Cosmopolitan Co.,* 137 Ga. App. 383 (224 SE2d 44) (1976) is clearly not such a decision. The plaintiff in *Daniel & Daniel,* entirely unlike the plaintiff in either the instant case or *Clover Realty Co., did* secure leave of court to add an additional defendant and the *only* "amendable defect" that was noted in *Daniel & Daniel* was the failure of the plaintiff therein to have served the motion on the original defendant. Thus, *Daniel & Daniel* does *not* stand for the proposition that the failure to obtain leave of court to add a new party is an "amendable defect" and is *not,* therefore, inconsistent with the controlling authority of *Clover Realty* that the failure to obtain leave of court to add a new party mandates dismissal.

*Ed Miniat, Inc. v. Globe Life Ins. Group,* 805 F2d 732, 736-737 (2) (7th Cir. 1986) does hold that, under the analogous Federal Rules of Civil Procedure, a plaintiff's failure to obtain leave of court to file an amended complaint adding new parties will not, in itself, justify dismissal. However, that case involved the adding of *plaintiffs* as parties to a civil action and, for that reason, it is arguably· distinguishable from the instant case and *Clover Realty Co.* In any event, "[a] decision by a federal circuit court is not binding but may be persuasive; however, *it has no efficacy if it contravenes our appellate decisions.*" (Emphasis supplied.) *Thayer v. State,* 189 Ga. App. 321, 327 (On Motion For Rehearing) (376 SE2d 199) (1988). Our Supreme Court has unquestionably held in *Clover Realty Co.* that a plaintiff's failure to obtain leave of court to file an amended complaint adding a new defendant *does,* in itself, justify dismissal because " '[t]he adding or dropping of parties requires the exercise of a discretion by the court, and, without the requirement that leave of court be obtained in doing so, there could be no exercise of discretion. It is important that the status of parties not be altered or changed save under the supervision of the court.' [Cit.]" *Clover Realty Co. v. Todd,* supra at 822.

*Judgment affirmed. Banke, P. J., Birdsong, Sognier and Cooper, JJ., concur. Deen, P. J., McMurray, P. J., Pope and Beasley, JJ.,*

*dissent.*

McMurray, Presiding Judge, dissenting.

I respectfully dissent.

"Section 81A-121 [OCGA § 9-11-21] parallels Rule 21 of the Federal Rules of Civil Procedure, and the Federal courts have long construed it to require the obtaining of leave of court when the plaintiff seeks to assert a claim against one who is not already a party to the proceedings. [Cits.]" *Robinson v. Bomar*, 122 Ga. App. 564, 567 (177 SE2d 815). See also *C & S Land &c. Corp. v. Yarbrough*, 153 Ga. App. 644, 646 (3) (266 SE2d 508). Was defendant Brigadier added as a "new" party and served with process without leave of court? No. Plaintiff did not add a new party when he amended the complaint setting forth the proper agent for service of process. Rather, plaintiff simply perfected service upon a party which had already been named as a defendant in the case. Compare *Clover Realty Co. v. Todd*, 237 Ga. 821 (229 SE2d 649) in which plaintiff tried to add an entirely new entity as a defendant by amendment. True, the trial court had already granted defendant Brigadier's motion to dismiss for insufficiency of service of process. But that dismissal was not a final judgment and, in the absence of an order directing the entry of judgment (see OCGA § 9-11-54 (b)), it was subject to revision at any time before the entry of a judgment adjudicating all claims and liabilities of all parties. See *Grizzard v. Davis*, 131 Ga. App. 577 (206 SE2d 853). Thus, even though defendant Brigadier may have been "dismissed," it was not added to the suit as a new party when plaintiff amended the complaint. Plaintiff was not required, therefore, to obtain an order pursuant to OCGA § 9-11-21.

Even if plaintiff had been required to obtain an order pursuant to OCGA § 9-11-21, the mere failure to obtain the order does not, in my view, justify the dismissal of plaintiff's complaint. *Ed Miniat, Inc. v. Globe Life Ins. Group*, 805 F2d 732, 736, 737 (7th Cir. 1986). See also *Daniel & Daniel v. Cosmopolitan Co.*, 137 Ga. App. 383, 385 (224 SE2d 44). In the absence of a showing that defendant Brigadier was prejudiced by plaintiff's failure to obtain leave of court, I see no reason why such an oversight could not be corrected. See *Ed Miniat, Inc. v. Globe Life Ins. Group*, supra.

I would reverse the judgment of the trial court. Defendants have been served with process and discovery is underway. It is time to get to the merits of this case.

I am authorized to state that Presiding Judge Deen, Judge Pope and Judge Beasley join in this dissent.

DECIDED NOVEMBER 21, 1990 —
REHEARING DENIED DECEMBER 12, 1990 — 

*George M. Hubbard III*, for appellant.
*Kennedy, Lewis, Smart & Brannon, Charles W. Brannon, Jr.*, for appellees.