A95A0503. WILLIAMS et al. v. SERVICE CORPORATION
INTERNATIONAL et al.

(459 SE2d 621)

POPE, Presiding Judge.

Plaintiff Service Corporation International ("SCI") brought an action on its own behalf, and derivatively on behalf of H. M. Patterson & Son, Inc. ("Patterson"), against the accounting firm that handled Patterson's business affairs (defendant Williams, Benjamin, Benator & Libby) ("WBBL"). Plaintiff also named WBBL's individual partners as defendants in the action. After the trial court dismissed SCI's direct action, defendants moved to dismiss the derivative action on the basis that SCI lacked standing to maintain it. The trial court denied defendants' motion to dismiss. We granted defendants' application for interlocutory appeal regarding that denial. On appeal, defendants contend that the trial court's denial of their motion to dismiss constituted error. We disagree and affirm.

Patterson is a Georgia corporation that owns and operates several funeral homes in the Atlanta area. SCI is an international company that owns and operates numerous funeral homes throughout North America, including several in the Atlanta area. In December 1991, SCI became a minority shareholder in Patterson by purchasing 31 percent of Patterson's outstanding common stock. At that time, the remaining shares were owned by Lee Patterson Allen and the Allen Trust ("Allens"). The Allens served as the directors and officers of Patterson.

On October 16, 1990, SCI filed a derivative action in Fulton County Superior Court against the Allens (the "Allen Action"). In that lawsuit SCI alleged that the Allens were guilty of various breaches of fiduciary duty, misappropriation of corporate opportunities, conversion, self-dealing, negligence, fraud and conspiracy. Some 17 months later, SCI filed a motion to add defendants to the Allen Action. The Fulton County Superior Court denied the motion as untimely. As a result, on September 21, 1992, SCI filed the direct and derivative action, which is the subject matter of this appeal, against defendants in the DeKalb County Superior Court. In its complaint, SCI alleged that defendants had aided and abetted the Allens, and SCI asserted derivative claims against defendants for breach of fiduciary duty, breach of agency, breach of contract and malpractice. SCI also brought a direct claim against defendants for breach of fiduciary duty. Defendants answered, denying liability. Subsequently, the trial court determined that SCI was not entitled to maintain its direct claim against defendants in this case based on the Supreme Court's holding in *Thomas v. Dickson*, 250 Ga. 772 (301 SE2d 49) (1983). Therefore, the court dismissed SCI's direct claim. Thereafter, SCI and the Allens settled the Allen Action. As part of the settlement, the

Allens sold all of their stock in Patterson to a wholly owned subsidiary of SCI. Thus, at this time SCI and its wholly owned subsidiary are the sole shareholders in Patterson.

On November 5, 1993, defendants filed a motion to dismiss SCI's derivative claims on the ground that SCI lacked the capacity to assert such claims on behalf of Patterson. Specifically, defendants argued that SCI did not fairly and adequately represent the interests of the corporation. The trial court submitted the motion to dismiss to a special master and, based upon the special master's recommendation, denied defendants' motion. In their sole enumeration of error, defendants contend that the trial court erred in failing to dismiss SCI's derivative claims against them.

Under OCGA § 14-2-741, "[a] shareholder may not commence or maintain a derivative proceeding unless the shareholder: (1) [w]as a shareholder of the corporation at the time of the act or omission complained of or became a shareholder through transfer by operation of law from one who was a shareholder at that time; and (2) [f]airly and adequately represents the interests of the corporation in enforcing the right of the corporation." (Emphasis supplied.) Defendants contend that it is evident that SCI does not fairly and adequately represent the interest of Patterson in this case because it filed both a direct and derivative claim against defendants, and because it brought this action and the Allen Action as a guise to gain control of Patterson. We cannot agree.

To begin, we note that there is nothing wrong with a shareholder filing a derivative claim on behalf of a corporation, while at the same time filing a direct claim on his own behalf. See *Grace Brothers, Ltd. v. Farley Indus.*, 264 Ga. 817 (450 SE2d 814) (1994); *C & S Land Transp. &c. Corp. v. Yarbrough*, 153 Ga. App. 644 (266 SE2d 508) (1980); see also 12B W. M. Fletcher, Cyclopedia of the Law of Private Corporations, § 5908 (perm. ed.) ("shareholders have the right to bring direct and derivative actions simultaneously"). Consequently, we reject any argument to the effect that SCI is not an adequate representative merely because it simultaneously filed a direct and derivative action against defendants in this case.

Under the particular facts of this case, we also reject defendants' argument that SCI is not an adequate representative of Patterson based on its involvement in the Allen Action. Contrary to defendants' assertions, there is nothing in the record to indicate that SCI brought the Allen Action as a mere guise to gain control of Patterson. At the time SCI filed the Allen Action and the derivative action involved in this appeal, it was the sole minority shareholder in a closely held corporation whose officers and directors were all members of the majority. Although SCI's interests were antagonistic to the Allens' interests, this does not mean as a matter of law that SCI's interests were antag-

onistic to those of the corporation itself. "The most important element to be considered [in determining whether a shareholder is an adequate representative] is whether [the shareholder's] interests are antagonistic to those he is seeking to represent. If there is a conflict of interest, the representation may well be deemed inadequate and the suit dismissed. *Of course, a purely hypothetical dispute will not necessitate dismissal.*" (Citation and punctuation omitted; emphasis supplied.) *Robinson v. Computer Servicenters*, 75 F.R.D. 637, 641 (N. D. Ala. 1976).

In this case, SCI was seeking to represent the interests of Patterson, not its majority shareholders. Therefore, even if SCI's interests were antagonistic to the Allens' interests at the time it brought suit against defendants, SCI could still maintain the derivative suit on behalf of Patterson.[1] The mere assertion that SCI's interests may have been antagonistic to Patterson's creates no more than a hypothetical dispute, and as such, does not necessitate a dismissal.

Based on the above, we cannot conclude as a matter of law that SCI was not an adequate representative of Patterson at the time it filed the derivative action against defendants. Furthermore, it is clear that SCI is an adequate representative now because SCI and its wholly owned subsidiary own all of the corporation's stock. Thus, we find no error in either the special master's recommendation or the trial court's denial of defendants' motion to dismiss.

*Judgment affirmed. Ruffin, J., concurs. Beasley, C. J., concurs in judgment only.*

DECIDED JULY 14, 1995 —

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Dennis A. Brown,* for appellants.

*Harkleroad & Hermance, Donald R. Harkleroad, James P. Hermance, Timothy J. McGaughey,* for appellees.

---

[1] OCGA § 14-2-741 (2) varies from its counterpart found in Federal Rule of Civil Procedure 23.1 to the extent that the Code Section requires that a shareholder bringing a derivative suit "must fairly and adequately represent the interests of the corporation rather than shareholders similarly situated. . . ." See Official Comment to OCGA § 14-2-741.